No. 10.—WILLIAM W. MITCHELL, plaintiff in error, *vs.* JOSIAH ADDISON, defendant.

[1.] If the evidence is such that the Jury may infer from it the existence of such facts as are sufficient to support the verdict, a new trial will not be granted.

[2.] When the verdict is for the plaintiff for "principal, interest and costs," it is to be presumed that the Jury mean by the word principal, the principal · sued for.

Certiorari, from Franklin Superior Court. Decided by Judge JACKSON, October Term, 1855.

Josiah Addison brought his action in 1854, in the Justice's Court, against William W. Mitchell, for the price of 500 pounds of pork, at five dollars per hundred, furnished to defendant in January, 1840.

On the trial before a Jury, plaintiff introduced W. J. OLIVER, who testified, that in June, 1853, he heard a controversy between plaintiff and defendant, about two *fi. fas.* in favor of defendant against plaintiff, which had been levied; plaintiff had the older *fi. fa.* and asked defendant where was the credit of 500 pounds of pork that was paid him on said *fi. fa.* in 1840. Defendant said the pork was credited on the note on which the younger *fi. fa.* was founded; and that if plaintiff

would find that note, if the pork was not credited on it, he would pay plaintiff for the pork. The plaintiff proved the same thing by other witnesses, and produced in evidence the two *fi. fas.* and the note on which the younger was founded, by which it appeared that no such credit was on either paper; and that the note was dated in 1841, the next year after the pork was delivered.

Plaintiff further proved, that defendant admitted that he had received the pork in 1840; that the contract was for 500 pounds, but he (defendant) did not think there was that much. Plaintiff then proved that pork was worth five dollars per hundred in 1840, and closed his case.

Defendant introduced JOSEPH A. MITCHELL, who testified, that he heard a conversation between the parties, in which defendant insisted that the note on which the younger *fi. fa.* was founded, was given for the balance of an old note, and that the pork was credited on this old note; that plaintiff admitted that the younger note was given in place of an old one, but denied the credit on the old one.

DAVID SMITH for defendant, testified, that he heard plaintiff say that he had paid defendant, in 1840, over 500 pounds of pork, which was to be credited on a note which defendant then held against him; but that he had never received credit for it any where. Defendant also introduced evidence to show that the pork did not amount to 500 pounds.

Plaintiff had been notified to produce all the old notes and *fi. fas.* that he had taken up; upon which, he swore that he had none in his possession, except those which he had introduced in evidence.

The Jury returned a verdict for plaintiff for the principal, with interest and costs; and on being asked by the Court from what time the interest was to be computed, they said, from the delivery of the pork; whereupon, the Court entered judgment for twenty-five dollars principal, and thirty dollars and six cents interest, and the costs.

To the proceedings, defendant excepted by *certiorari*, on the grounds—

1st. That the evidence did not warrant the finding any verdict against defendant.

2d. That the evidence did not warrant the finding any interest, or if any, only from the time of the new promise.

3d. That the verdict was too uncertain to found any judgment upon.

This *certiorari* on being heard, was dismissed by the Court, and plaintiff in *certiorari* excepted.

PEEPLES ; COOPER, for plaintiff in error.

MORRIS ; HULL, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

Did the evidence warrant the finding of any verdict against the plaintiff in error ? This is the first question.

And this depends on the question, whether the evidence took the action out of the Statute of Limitations.

The witnesses for Addison, the plaintiff in the action, swore that Mitchell, the defendant in the action, said that the pork was credited on the note on which the younger *fi. fa.* was founded ; and that if it was not, he would pay said plaintiff for it.

The note was produced, and there was no such credit on it.

This evidence, if trustworthy, was sufficient to take the action out of the Statute of Limitations. And it was for the Jury to say whether it was trustworthy or not. It was evidence, and they might have believed it. Therefore, we cannot say that there was no evidence to take the case out of the Statute of Limitations ; and therefore, we cannot say that the first ground of error is true—that the evidence did not warrant the finding of any verdict against the defendant in the action.

Did the evidence warrant the finding of any interest, or if

it did, did it warrant the finding of any, except from the time of the new promise? This is the next question.

And this depends upon whether the evidence was such that the Jury might be justified in concluding from it that the demand sued on was a liquidated one.

A demand is a liquidated one, if the amount of it has been astertained—settled—by the agreement of the parties to it, or otherwise.

Did the evidence authorize the Jury to infer that these parties had agreed upon the amount of the demand sued for in this action?

The evidence shows that they had made *some* agreement with respect to the pork, and the credit of it on the note. The defendant in the action admitted that the *contract* was for five hundred pounds of pork. The plaintiff said he had *paid* the defendant over 500 pounds of pork, *which was to be credited* on a note which defendant then held against him.

Might not the Jury infer from this that the *agreement* was, that the pork was to be rated at *some* fixed price? How else would they know what amount to enter as a credit? We think they might. If they might, then the question becomes this: was there anything in the evidence to authorize them to say what that fixed price was? And we think there was. It appeared in the evidence, that at the time when the agreement was made, pork was worth five dollars a hundred. The Jury might infer that the price fixed by the parties for the pork, was the value of the pork. Any other price would be unjust to one party or the other. And it is not to be presumed that both parties would concur in a price of that sort.

The result is, that we think the evidence to have been such that the Jury might have inferred from it, that the demand sued on was a liquidated one, and also, what was the amount at which it was liquidated; (there was evidence to show the *quantity* of pork paid to have been 500 pounds;) and if so, then there was evidence to authorize the Jury to allow interest on the demand.

That the plaintiff in the action was entitled to interest is, however, perhaps, to be made out in another way.

According to the terms of the agreement, the pork was to be credited on the note, say, if we please, at a *quantum valebat* merely; yet, it was to be credited as of a *particular time*—1840. If it had been credited at that time, it would at once have satisfied so much of the note as would have been equal to the value of it; and of course the interest on so much of the note, would have stopped at that time. That credit, then, with its consequence, the stoppage of interest on so much of the note as the credit paid off, was what, by the *contract*, the plaintiff in the action was entitled to. That credit he did not get—and why? Because the defendant in the action failed to perform his part of the contract. A case, therefore, was made, in which the plaintiff could have gone into Equity, and compelled the defendant to perform his part of the agreement, i. e. to enter the credit as a credit of 1840. If that were done, the plaintiff would get what would be equivalent to the interest which he claims in his action.

But why should a party be driven into Equity, when he can get, in a Justice's Court, in effect, just what he would get in Equity? Is there any reason for it, especially in the face of the Act of 1820? (*Cobb's Dig.* 464.) I cannot think so.

The second ground of error, then, seems to us, in like manner, not well founded.

[1.] The evidence was such, we think, that the Jury might have inferred from it the existence of facts sufficient to support the verdict.

Was the verdict too uncertain to support the judgment?

This question we have decided—and in the negative. See the case of *Taylor, Sheriff, vs. Behn & Foster,* (*Mac. Jan'y,* 1856.)

That is certain which can be made certain. It is to be presumed, that when a Jury find for a plaintiff "principal," they mean the principal he sues for.

As to the time from which the interest was to commence

Mitchell *vs.* Addison.

running, the Jury, themselves, gave that to the Court. That Court, it is to be remembered, was a Justice's Court.

Upon the whole, we affirm the judgment of the Court below.