## BRAND vs. KENNEDY.

71 707
93 503

71 707
125 73

1. Where no notice to produce books is served on a party, he cannot be forced by the court to produce them, though they be in the town where the case is on trial.

(a.) In the case in 55 *Ga.*, 225, the book was in court in the pocket of the witness, and had been referred to by him as containing an account material to the issue.

2. One ground of a motion for new trial being newly discovered evidence, and it not appearing that it was unknown to all of the counsel for the movant, there was no error in overruling the motion.

3. On the trial of the issue formed on an application for homestead and exemption and objection thereto, a finding of "homestead" for the applicant will be construed to mean the entire realty and personalty in issue.

4. That a judgment does not conform to the verdict does not furnish a ground for a new trial before a jury. The remedy is by a motion in arrest or to set aside the judgment.

5. Grounds of a motion for new trial not certified will not be considered.

6. The verdict is supported by the evidence.

November 6, 1883.

Practice in Superior Court. Notice to produce Papers. Homestead. New Trial. Verdict. Judgment. Before Judge STEWART. Rockdale Superior Court. February Term, 1883.

Kennedy applied for a homestead and exemption, and the ordinary granted the same. The realty set out in the

application was a one-third interest in what was known as the "Kennedy Factory Property." Brand, a dissatisfied creditor, filed objections and appealed. Among the objections were that the applicant did not own the one-third stated, and that the amount set apart was excessive.

On the trial, the jury found in favor of the applicant. The objector moved for a new trial, on the following among other grounds:

(1.) Because the court refused to require Kennedy to produce certain books and papers of the firm of Kennedy & Hammons. [It appeared that no notice to produce had been served, but the books were in the town where the trial was progressing, and the witness stated that he would get and produce them, if required, and had no objection to doing so. The court refused to require this.]

(2.) Because of newly discovered evidence. [It was not made to appear that all of the attorneys of the objector did not know of the evidence before the trial.]

(3.) Because the verdict was contrary to law and evidence and did not cover the issues in the case. [The verdict was, " We, the jury, find in favor of the homestead with costs."]

(4.) Because the judgment did not follow the verdict, and was not warranted by it. [The judgment recited the application, the objections and the verdict, affirmed the setting apart of the homestead and exemption made by the ordinary, and closed as follows: " And he, said ordinary, cause the funds allowed by this court arising from sale of exempted property (after deducting ten per cent out from said sum, which he is to pay J. N. Glenn, attorney for the procurement of said fund so exempted, for services rendered by said Glenn in and about all the litigation pertaining to said exemption), to be invested as the law directs."]

The motion was overruled, and defendant excepted.

A. M. HELMS, for plaintiff in error.

J. N. GLENN; A. C. PERRY, for defendant.

JACKSON, Chief Justice.

1. Where no notice to produce books is served on a party, he cannot be forced by the court to produce them, though they be in the town where the case is on trial. In the case in 55 *Ga.*, 225, the book was in the pocket of the witness, and thus ‸he court-room, and had been referred to by him as containing an account material to the issue. That is not at all like this case, though cited by the plaintiff in error to sustain him, and the only case cited to that end.

2. It does not appear that the newly discovered testimony was unknown to all the counsel of the plaintiff in error. There was no error in overruling the motion on that ground.

3. By legal intendment in construing verdicts so as to stand, if the meaning can be ascertained with reasonable certainty, this verdict must be construed to mean, by a finding of " homestead " for applicant, the entire realty and personalty in issue on the application therefor and objection thereto. The verdict, therefore, covers the issues.

4. Exceptions that the judgment does not conform to the verdict, if sustained, would not require a new trial before a jury, and will not therefore be considered as ground to support a motion for a new jury trial. In such cases the remedy is a motion to arrest or to set aside the judgment, dependent on the term when made whether the one or the other be the appropriate remedy.

The 10th, 11th and 12th grounds are not certified by the judge, and cannot therefore be considered. We fail to see that the verdict should be set aside and a new trial be awarded before the jury because it is unsupported by evidence and contrary to law. The judgment refusing the motion to set aside the verdict, and to try again the issues before the jury, must be affirmed.

Judgment affirmed.