## Denham, executrix, *v.* Walker.

1. The condition subsequent as expressed in a deed conveying an estate in fee simple being the payment of a certain annuity by the grantee to the grantor on a given day in each year during the life of the grantor, the condition was not broken so long as the annuity was not in arrears, and until the condition was broken the grantor had no right to re-enter as for a forfeiture, and no cause of action to cancel the deed as a cloud upon his title.

2. The annuity, although payable in money, could be discharged by payment otherwise, by mutual stipulation and consent ; and if the grantor agreed to take and did take the rents and profits of the premises produced by his own management and superintendence of the property in lieu of the annuity specified in the deed, this was a discharge as to all installments of the annuity which became payable for those years covered by payments of the annuity in this manner.

3. Parol evidence is admissible to show that an annuity payable in money was during certain years actually paid by allowing the annuitant, under a parol agreement, to take charge of the premises, rent them out for all he could get, whether more or less than the annuity, and take the whole income, he having in fact so done and thereby executed the parol agreement in so far as it applied to the time which had elapsed when the entry for non-payment was made.

4. The questions submitted to the jury covered the merits of the controversy, and there was no error in not submitting other questions proposed. The evidence, though directly conflicting, warranted the findings, and there was no error in denying a new trial.

5. Error of the court in decreeing upon a verdict is no cause for

v 93-32

a new trial, and there being in the bill of exceptions no assignment of error in the decree itself, the decree is not under review. November 27, 1893.

Equitable petition. Before Judge Roney. Richmond superior court. April term, 1893.

The facts of the case are stated in the opinion. The grounds of the motion for new trial, in addition to those alleging that the verdict is contrary to law and evidence, are as follows:

That the court erred in allowing the defendant and his wife to testify that, some ten days after the execution and delivery of the deed, he and the plaintiff entered into a new contract, not in writing, by which it was agreed that the plaintiff would take the rents of the land in place of the annuity. To this testimony the plaintiff objected on the ground that a writing was necessary to the validity of the subsequent contract.

That the court refused to submit, as requested by the plaintiff's counsel, the following questions to the jury: "Was there a new contract entered into by the plaintiff and defendant for the land in dispute, as set out in defendant's plea? Was the alleged new contract evidenced by any writing signed by the plaintiff or any one authorized by him to sign it? Was there such part performance of the alleged contract by the defendant as would make it a fraud for the plaintiff not to perform his part thereof? Was there a valid consideration to support the new alleged contract, or was it *nudum pactum?* what was the consideration, if any?" And that the court erred in submitting to the jury, in lieu of the above questions, the following: "Has Walker paid Denham annually $350 under the terms of the deed? If you answer that he paid the annuity, state how he paid it; was the payment cash or otherwise? Was there a new parol contract entered into by the plaintiff and defendant in reference to the payment of annuity,

as set out in the defendant's plea, and if so, when was the contract made? . If the contract was made, did Denham agree to accept, in lieu of the annuity, the income of the property in question, in full payment of the annuity? Did Denham, in pursuance of the parol contract, take possession of the property and collect rents or any part thereof?"

That the court erred in making the final decree, the same not being authorized under the facts as found.

E. F. VERDERY and W. H. FLEMING, for plaintiff.

P. J. SULLIVAN, for defendant.

SIMMONS, Justice.

On the 16th of February, 1887, Denham conveyed to Walker an estate in fee simple upon a condition subsequent, which condition was expressed in the deed as follows: "Provided nevertheless, and this conveyance is made on the express condition, that the said party of the second part shall pay to the party of the first part, for and during the time of the natural life of the said party of the first part, an annuity of three hundred and fifty dollars, the first of which is to be paid and become due on the 16th of February, 1888."

On the 29th of March, 1890, Denham filed a petition for the cancellation of the deed, and for an injunction against the assertion of title thereunder by Walker, alleging that Walker had failed to comply with the condition above stated, and had neglected and refused to pay the annuities as they had fallen due, by reason of which failure petitioner re-entered and took possession of the premises in February, 1890; and that while the deed was no longer of any binding force, it created a cloud upon the title. The defendant filed a plea in which he set up that "some time after the execution of said deed, the said Denham entered into a new contract with this defendant, wherein he agreed that if he (de-

fendant) would allow him (Denham) to collect the entire income of said property, . . which amounted to a sum as great or greater than the annuity in said deed provided for, and also to apply the whole of said income to his (Denham's) own personal use, for and during the period of his natural life, he (Denham) would look solely and alone to the income of said property, whether the same was greater or less, for the annuity covenanted and agreed upon in said deed, . . and release this defendant from all further liability therefor"; and "that since the execution. of said deed, and in conformity to the subsequent contract aforesaid, . . the said Denham has collected all the rents and income thereof, and applied the same to his own use."

Under questions submitted by the court, the jury found that no annuity had been paid according to the terms of the deed, but that about ten days after its date, a new parol contract was entered into between the parties, as set up in the defendant's plea, by which the plaintiff agreed to accept, in lieu of the annuity, the income of the property in full payment thereof; and that in pursuance of this parol contract, the plaintiff took possession of the property and collected the rents. Thereupon the court decreed that the parol contract so made was legal and should be carried out in lieu of the original contract for payment of the annuity. The plaintiff made a motion for a new trial, the grounds of which are set out in the reporter's statement, and the overruling of this motion is excepted to.

1, 2. The condition of the deed was not broken so long as the annuity was not in arrears; and until the condition was broken the grantor had no right to re-enter as for a forfeiture, and no cause of action to cancel the deed as a cloud upon his title. The annuity, although payable in money, could be discharged by payment otherwise, by mutual stipulation and consent; and

if the grantor, after he had parted with the property, agreed to take, in lieu of the annuity stipulated in the deed, the rents and profits of the premises, produced by his own management and superintendence of the property, and did in fact take charge of the property and receive the rents and profits in accordance with this agreement, this was a discharge of the annuity as to each year in which payment was received in this manner.

3. It was contended that as the original contract was one which the statute of frauds required to be in writing, any agreement to vary the contract must also be in writing. Whatever may be the proper view as to the admissibility of parol proof to establish an agreement of this kind where the agreement is wholly executory, such proof is clearly competent where there is evidence that the agreement has been performed. In view of the evidence in this case as to performance, the court did not err in admitting proof of the oral agreement set up in the plea. On this subject see : Wood, Stat. Frauds (ed. 1884), §403, pp. 760, 761 ; 2 Corbin's Benj. Sales (ed. 1889), §215 and note ; 2 Reed, Stat. Frauds (ed. 1884), §468 et seq.; Beach v. Covillard, 4 Calif. 315 ; Dearborn v. Cross, 7 Cowen, 48 ; LeFevre v. LeFevre, 4 Ser. & Rawle, 241, and other cases cited by these authorities.

4, 5. The questions submitted to the jury covered the merits of the controversy, and there was no error in not submitting other questions proposed. The evidence, though conflicting, warranted the findings of the jury, and there was no error in denying a new trial. It appears that Denham was an old man, over eighty years of age, unmarried and living with Walker and his wife at the time the deed was made ; and there is some indication that his intention in making the conveyance was to provide, not merely for himself, but for Walker's wife,

who was his grandniece and to whom he had already devised the property. Walker testified that, a few days after the deed was made, his wife expressed dissatisfaction with the stipulation as to the payment of an annuity; whereupon Denham said that all he wanted was to have the place during his life, and if Walker would give him possession and control of the place during his life, he would collect the income and take it in full discharge of his annuity, whether the income was greater or less; he (Walker) agreed to this, and Denham, in pursuance of this arrangement, took charge of the place, made contracts with tenants, collected the rents and appropriated them to his own use; and nothing was said about any claim against him (Walker) until more than two years had elapsed. About that time Denham had some disagreement with him about other matters, left his house, and soon after married; and after this disagreement Denham for the first time asserted his claim for the annuity. Mrs. Walker testified to the same effect as her husband.

Denham testified that he did take charge of the property, under an agreement with Walker, soon after the deed was made, and that he took from the tenants rent notes for that year for an amount equal to the annuity specified in the deed, taking them as agent for Walker but retaining for himself the money collected; also, that he continued to do this each succeeding year until the spring of 1890, shortly before this suit was brought, when he resumed possession in his own right. He denied, however, that the rents thus collected were to be accepted by him in full discharge of the annuity, and claimed that a balance was due him for each year during that period, the amount collected having fallen short of the amount of the annuity.

Accepting, as the verdict requires us to do, the defendant's version of the agreement under which the

plaintiff took charge of the property and received the
rents and profits, it appears that when the suit was
brought no installment of the annuity was in arrears.
The annuity for each year had been discharged down to
February 16th, 1890, the end of the third year, and un-
der the terms of the deed the next installment would
not be due until 1891.  The plaintiff, therefore, had no
right to re-enter as for a forfeiture, at the time he did,
and no right to have the deed cancelled as a cloud upon
his title.  Whether the court erred in decreeing that the
agreement set up in the defendant's plea should be car-
ried out in lieu of the original contract for payment of
the annuity, it is unnecessary to decide, there being in
the bill of exceptions no assignment of error in the de-
cree itself.  Error of the court in decreeing upon a ver-
dict is not cause for a new trial.  See *Brand* v. *Kennedy*,
71 *Ga.* 707, 709 (4).          *Judgment affirmed.*