## 90. SOUTHERN RAILWAY CO. *v.* OLIVER & MORROW.

1. A statement of complaint for damages, attached to a summons in justice's court, itemizing the damages to certain buggies, giving the nature and amount of damage claimed as to each, and stating that "all the damages aforesaid were caused by the careless, negligent handling, keeping, and hauling of said buggies while in the care of said company as common carrier in the transportation of said buggies over its line of railway," was sufficient for the purposes of such an action for damages in a justice's court; and the demurrers thereto were properly overruled.

2. In justices' courts it is neither possible, practicable, nor requisite to indulge in the niceties of pleading. All that is required is that there should be attached to the summons a copy of the "cause of action sued on." "The requirement of the Civil Code, § 4116, as to summons and copy in a justice's court, is an exception to the general rules of pleading."

3. A new trial will not be granted for immaterial and harmless errors.

4. Nor will a new trial be granted for an error not manifestly prejudicial to the party complaining thereof, but injurious, if at all, to the opposite party.

5. The presumptions are in favor of the validity of the verdict of a jury. A verdict must be given a reasonable intendment, and the maxim id certum est quod certum reddi potest is to be applied. Expression is to be given to the true meaning of the jury's finding upon the issues submitted to them only, and matters immaterial, and not involved in the controversy, or beyond the legitimate province of the jury, may be disregarded as surplusage.

6. A verdict finding for the plaintiff, as damages, a certain sum, including the costs, is not void for uncertainty. It is without the province of the jury to determine the amount of costs to be paid or the party liable therefor. The amount of costs is fixed by law, and liability therefor, though dependent upon the verdict, is determined by law. Where a jury attempts to award costs, that portion of the verdict will be rejected as surplusage, and will not affect the residue of a verdict properly sustained. "Utile per inutile non vitiatur."

Certiorari, from Hall superior court—Judge Kimsey. January 30, 1906.

Argued February 11,—Decided May 9, 1907.

*John J. Strickland, Ed. Quillian, C. R. Faulkner,* for plaintiff in error. *Wilford B. Sloan,* contra.

RUSSELL, J. Oliver & Morrow brought suit in a justice's court of Hall county against the Southern Railway Company for alleged damage to three certain "Chickamauga" buggies. The declaration or petition to that court, with the summons attached, was served on the agent of the Southern Railway Company at Gainesville in that county, and the defendant company answered, denying the

allegations of plaintiff's declaration or petition, and moved to dismiss the suit on the ground that there was no cause of action set out in the declaration or summons. The court overruled the motion, and the case was submitted, resulting in a judgment in favor of the defendant for costs. Plaintiff appealed the case to a jury in that court, and on the call for trial by a jury, the defendant moved to dismiss, upon the same grounds urged on the former trial. The court refused to hear the motion and overruled it, on the ground that it had been passed on at the former trial; and the case was submitted to a jury. The evidence introduced on the trial by both plaintiff and defendant disclosed the fact that the buggies alleged to have been damaged were shipped by the Chickamauga Buggy Co., of Chattanooga, Tennessee, to itself at Oakwood, Georgia, and the bill of lading, with sight draft on Oliver & Morrow attached, was sent to the bank at Flowery Branch, Georgia, and the buggies delivered to the plaintiff on payment of the sight draft and presentation of the bill of lading to the agent of the defendant at Oakwood. The jury returned a verdict in favor of plaintiff for fifteen dollars, including costs. The defendant carried the case to the superior court by certiorari, the certiorari was overruled, and defendant excepts to this judgment.

The plaintiff in error's case rests upon seven assignments of error, contained in its petition for certiorari. It alleges that the justice's court erred, (1) in refusing to sustain the petitioner's demurrer, and overruling the motion to dismiss, at the first trial; (2) in refusing to hear and sustain the demurrer and motion to dismiss, at the second trial; (3) in overruling the motion of the defendant to rule out the testimony of Hugh Morrow, upon the grounds stated in the petition; (4) in stating in the presence and hearing of the jury, in ruling upon the way-bill introduced by the defendant, that "the court can not see the relevancy of the way-bill, or that it has anything to do with the case, but will let it go in for what it is worth;" (5) in admitting the letter purporting to be signed by C. B. Milikin; (6) in making the remark, in the presence and hearing of the jury, that "the court will let the letter go along in with the way-bill you introduced awhile ago," in making his ruling as to the letter of C. B. Milikin. (7) Petitioner further alleges that the verdict of the jury is error, 1st, because there is not evidence sufficient to sustain it, and it is contrary to

the evidence introduced; and 2d, because the verdict is not a lawful one.

The first two assignments will be considered together; for although the reason of the justice for his second ruling may be wrong, the ruling itself both on the first trial and the second is the same. In each instance the court refused to sustain the demurrer and dismiss the suit. We do not think there was any error in refusing to sustain the demurrer. Under the rulings in *Ga. So. & F. R. Co.,* v. *Barfield,* ante, 203, and cases therein cited, the petition was full enough to put the defendant on notice and to enable it to prepare its defense. And as it is attached to a proper summons, it is immaterial whether the summons precedes the petition, or follows it. In a justice's court it is not only impossible, but impracticable to indulge in the niceties of pleading. In the third assignment of error complaint is made that the court refused to rule out the testimony of Hugh Morrow, as being indefinite and irrelevant. The witness seems to have known nothing of the case, and his testimony appears to be immaterial, but for that very reason the ruling of the court was not hurtful to the defendant; and it is well settled that new trials are not granted for immaterial evidence.

As to the fourth exception and the sixth, we are of the opinion that the remarks of the court afford no ground of complaint to the plaintiff in error. In so far as they are improper and harmful they tended to be hurtful to the plaintiff below, now defendant in error. Both the way-bill and letter of which the justice of the peace was speaking were introduced by the plaintiff, and the remark "that the court can not see the relevancy of the way-bill or that it has anything to do with the case," which tended to belittle that paper, when followed by the remark, with reference to the letter, that "the court will let the letter go along in with the way-bill you introduced awhile ago," put the letter in the same disparaged class. Under the rulings in *Askew* v. *Southern Ry. Co.,* ante, 79, the holder of a bill of lading attached to a draft, possession of which has been legally secured by payment of the draft, has the right to maintain an action as a consignee pro hac vice. It appeared in this case that the original bill of lading was lost, and the way-bill is circumstantial evidence of the fact that there had been a bill of lading. For these reasons, both the way-bill and the let-

ter of Milikin (notifying Oliver & Morrow that the Bank of Flow-
ery Branch held a sight draft with bill of lading attached) were
material to the plaintiff's case.

The seventh exception is divided into two parts. The first al-
leges that the verdict of the jury is contrary to the evidence and
there is not sufficient evidence to sustain it. The second objects
to the form of the verdict, and alleges that the verdict rendered is
not a lawful one. In regard to the first exception to the verdict,
it is only necessary to say that by repeated rulings of this court
the verdict of a jury is sufficiently sustained, if there is any evi-
dence to support it. And in this case it appears that the consign-
ors shipped certain buggies to themselves as consignees and drew
a draft, through the Bank of Flowery Branch, for the purchase-
price, with the bill of lading attached. The plaintiffs paid the
draft, and the bill of lading was delivered to them, and under the
decision in the *Askew* case, supra, they became, for the purposes
of the case, the consignees. According to the testimony, two of
these buggies were damaged, one of them, according to the evi-
dence, more than $5, and the other $12.50. The petition set forth
the items of damage as follows: January 30, by injury to one
Chickamauga buggy, by tearing lining, back and top, $5.00; Jan-
uary 30, by tearing cushion and scratching back, $7.50; April 24,
damages to straps, shaft, and top, $12.50; making a total of $25.
There was no evidence as to the amount of the damage done to the
buggy on January 30, by tearing the cushion and scratching the
back; so that the $7.50 item must be eliminated; but the first
witness for the plaintiff testified as follows: "I know something
about the injury to the three buggies sued for. The lining, back
and top of one was torn so bad we could hardly sell the buggy.
We were really damaged more than we have sued for." We think
that this is sufficient evidence, if believed by the jury, to fix the
amount of the item of damage to the first buggy, as stated in the
petition, and as contained in the notice of damage given the com-
pany. This witness and others swore that the damage to the buggy,
received on April 24, was $12.50. So that the jury had evidence
which would have authorized a finding of $17.50.

We come, therefore, to the assignment alleging that the verdict,
"We, the jury, find for the plaintiffs, Oliver & Morrow, $15.00,
fifteen dollars, including costs of suit," is not a lawful one The

plaintiff in error makes the point that the verdict is illegal and void for uncertainty. The verdict adds to its finding for the plaintiff the words, *"including costs."* We were inclined at first to attach considerable importance to the point; but upon more careful investigation, and upon consideration of the principle that the verdicts of juries are to be given a reasonable intendment, we are clear that the verdict is good, and the words, "including costs," may either be treated as surplusage, or the word "including" be interpreted as meaning "and," which was more probably the intent of the jury   It is well settled that surplusage may be rejected from a verdict otherwise proper and sustained by evidence. The doctrine is "utile per inutile non vitiatur." In passing upon the costs the jury did a useless thing; for the costs are fixed by law, and by law follow and are carried by the verdict.   The identical question as to costs has not been decided in this State, so far as we are able to discover, but has been passed upon in a number of other jurisdictions.   In the case of State *v.* Knight, 46 Mo. 83, where a circuit judge refused to receive a verdict: "We, the jury, find a verdict for defendants, they to pay the costs of this suit," the Supreme Court of Missouri, by mandamus, ordered the verdict received, and held that "the jury found for the defendant; the verdict was good and complete.   The matter of costs was not in issue, and was not submitted to them.   That part of their verdict, therefore, was merely void, and should have been disregarded as surplusage." And while the question of costs has not been decided in this State, much more important matters have been treated as surplusage in order to maintain the general principle that expression should be given to the true meaning of the jury's finding. In *Knapp* v. *Harris,* 60 *Ga.* 404, the jury found for the defendant one fifth of certain real estate subject to dower, and this was one of the assignments of error insisted upon. The Supreme Court affirmed the judgment, and held that "it was irregular of the jury to notice the right of dower, that right being wholly dehors the case on trial, but the verdict as a whole is not vitiated by this reference to irregular matter, nor by any misdirection of the court touching that matter.   What is said of dower in the verdict is mere surplusage, and is to be so treated." In *Hudson* v. *Hawkins,* 79 *Ga.* 274, the jury, often finding upon the exceptions to an auditor's report ceriatim, went further and found an aggregate sum for the

plaintiff, which was excepted to as not being true and legal. The trial court, in making its judgment, disregarded the aggregate sum found by the jury and treated it as surplusage. This was approved, the Supreme Court holding that the court was right in treating the illegal portion of the verdict as surplusage. The case of *North & South Railroad Co.* v. *Crayton,* 86 *Ga.* 499 was, like the present case, an action for damages. A motion in arrest of judgment was made upon the ground of uncertainty in the verdict. The case went to the Supreme Court, and Bleckley, Chief Justice, delivering the opinion, ruled as follows: "The motion in arrest of judgment was properly overruled. The verdict was in these words, 'We, the jury, find for plaintiff $800.00, less amount of freight, with interest,' etc. The words, 'less amount of freight,' are surplusage. There was no freight involved in the issue on trial. The verdict is for $800 less nothing, and this is equivalent to $800 simply. The jury having found no amount by which it is to be diminished, it can not be diminished at all." "When a jury find not only the issues submitted to them, but embrace in their verdict the determination of matters not involved in the controversy, these redundant matters are denominated surplusage. The maxim utile per inutile non vitiatur is applicable, and such portion of the verdict as lies beyond the legitimate province of the jury may be disregarded or rejected." 29 Am. & Eng. Enc. L. (2d ed.) 1026. It is of course a generally recognized rule of practice that a verdict for damages, whether liquidated or unliquidated, if found for the plaintiff, expressly states the amount to which the jury think the plaintiff is entitled; but it is evident to our minds that the jury intended to add the costs to their finding of $15.00, and simply used the word, "including," inaptly instead of the proper word, "and," meaning thereby that they included, with the $15.00 in their verdict, whatever might be costs. The maxim, id certum est quod certum reddi potest, is applicable to verdicts. In other words, they intended to include the costs, not in the $15, but in the verdict. The only complaint that can be made of this verdict is that it may be uncertain, because the amount of the costs may not be known and may not have been known to the jury. A substantial certainty to a common and reasonable intent is all that is essential to a valid verdict. Courts are inclined to favor the validity of a verdict, and, no matter what requisite may be appar-

ently lacking, it will be supported if from the terms of the finding and the contents of the record it can be maintained. The case at bar is not like the case of *Sellers* v. *Mann,* 113 *Ga.* 643, where the finding of the jury was expressed in the words, "We, the jury, find for the plaintiff nominal damages." That was held not to be a legal verdict, because it named no amount. That strictness of construction has been greatly relaxed, so as give effect to the reasonable meaning of a verdict rather than to its exact words, is shown by the fact that in *Jackson* v. *Jackson,* 40 *Ga.* 153, the verdict was held to be void because the jury found for the plaintiff principal, interest, and costs, without any reference in their finding to a disputed credit on the note in question; but the same question being presented, in the same case, in the 47 *Ga.* 117, the Supreme Court overruled the former decision, upon the authority of *Mitchell* v. *Addison,* 20 *Ga.* 50. The holding of the court, being id certum est quod certum reddi potest, is too trite a maxim to need elaboration. The finding is, therefore, sufficiently certain. See also *Phillips* v. *Behn,* 19 *Ga.* 298; *Mitchell* v. *Addison,* 20 *Ga.* 54; *Giles* v. *Spinks,* 64 *Ga.* 205 (3). In the latter case the Supreme Court held that a verdict finding that the plaintiff was damaged two certain principal sums on two notes, and interest at a certain per cent. on each, even though the interest was at different rates, and although the verdict was too large, was not illegal for uncertainty, and ordered that the verdict be reduced to $100 and stand for that sum as damages with costs of suit. And accordingly the court reversed a judgment arresting the judgment on this verdict. "In *Williams & Co.* v. *Brown, sheriff,* 57 *Ga.* 304, this court held that 'where a verdict may by a reasonable construction be understood, and a legal judgment entered thereon, it is sufficient.'" *Seifert* v. *Holt,* 82 *Ga.* 761; *Cleghorn* v. *Love,* 24 *Ga.* 591 (7). In Massey *v.* Duren, 7 S. C. 310, it was held: "In the case at bar the verdict without the words which 'cumber' it, was certain as to the intention of the jury, and valid as their expression on the very issues on which they were to pass. To set it aside because of additional words which do not really qualify the judgment of the jury on the material issues involved, and thus permit a second trial, would be without any sufficient cause." In Hancock *v.* Buckley, 18 Mo. App. 459, the verdict was for the plaintiff, dividing the costs between the parties. It was held that

this latter part of the verdict, being wholly outside of the issues submitted to the jury, was to be treated as surplusage and should not arrest judgment, for utile per inutile non vitiatur. If the jury, in rendering a verdict, decides the whole issue and then adds other immaterial things, the verdict is not thereby vitiated. Wallace v. Bazet, 34 La. Ann. 131. In Windham v. Williams, 27 Miss. 313, it is declared that if more is found by the jury than is necessary, it may be disregarded as surplusage; it does not vitiate that which is necessary and well found. To the same effect is *Wortham* v. *Brewster,* 30 *Ga.* 115.                    *Judgment affirmed.*