## 1958.  HARPER *v.* VICKERS.

The evidence authorized the verdict, and, no error of law having been committed, this court has no power to grant a new trial.

Garnishment; from city court of Nashville—Judge Peeples. May 15, 1909.

Submitted July 19, 1909.—Decided February 10, 1910.

*J. O. Sirmans, W. G. Harrison,* for plaintiff in error.

*Alexander & Gary,* contra.

RUSSELL, J. Vickers obtained a judgment against Mary J. King, on a promissory note, and caused process of garnishment to issue, directed to Harper. The garnishee denied owing the defendant, and the plaintiff traversed his answer. The issue thus made was tried before a jury, who returned a verdict against the answer. The garnishee complains of the refusal of a new trial.

1. The ground of the motion for a new trial relied on most strongly by the plaintiff in error is that the verdict is contrary to law and without evidence to support it. We have gone carefully over the brief of evidence, for the purpose of ascertaining whether there is sufficient evidence to authorize the jury's finding, and have concluded that there is. On the issue as to whether the garnishee was indebted in any amount, and, if so, in what amount, the evi-

dence is very much in conflict.   Some of the witnesses testified
that the garnishee admitted to them an indebtedness to the defend-
ant on the day before the garnishment was issued and served; and
there is also evidence that after the garnishment was served, the
garnishee paid a debt owing by the defendant to a third person.
The circumstantial evidence tending to show that the garnishee
was indebted to the defendant is very strong.    "In arriving at a
verdict, the jury, from facts proven, and sometimes from the ab-
sence of counter-evidence, may infer the existence of other facts
reasonably and logically consequent on those proved."

2.   The only ground of the amended motion which raises any
point for adjudication is as follows:   "By way of further ground
for new trial, D. L. C. Harper, the garnishee, says, that the court
in charging the jury instructed them, in directing them in what
manner to render their verdict, as follows: that if they found in
favor of the plaintiff in said case, and against the answer of the
garnishee, the form of their verdict would be, 'We, the jury, find
against the answer;' whereupon the jury rendered the following ver-
dict, 'We, the jury, find against the garnishee, D. L. C. Harper, for
the amount of the execution in favor of the plaintiff Vickers and
against Mary J. King, for principal, interest, and cost.'"   The
garnishee complains that this verdict is illegal because it fails to
specify the amount which the jury found against the garnishee, and
because it is too indefinite and uncertain to be the basis of a legal
judgment.   The original affidavit for garnishment which the jury
had before them, and which was a part of the record in the case,
clearly and plainly shows the amount of the judgment and execu-
tion which Vickers held against Mary J. King.   The verdict can
have no legal significance other than that the jury found against
the garnishee for the sum claimed by the plaintiff.   The court
could simply look to the papers and enter up judgment against the
garnishee for the amount of the judgment in the main case, to-
gether with interest and cost.   "Verdicts are to be upheld if capa-
ble of legal intendment, and surplusage or immaterial findings in-
cluded therein may be disregarded; they will be construed in the
light of the pleadings, the issues made by the evidence, and the
charge of the court."   *Tifton Railway Co.* v. *Butler,* 4 *Ga. App.*
193 (60 S. E. 1087); *Southern Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734
(58 S. E. 244).                        *Judgment affirmed.*