3630.   MONK-SLOAN SUPPLY COMPANY *et al.* *v.* QUITMAN OIL COMPANY.

1. Verdicts are not to be set aside for indefiniteness, if they are capable of being reduced to reasonable certainty by an application of the ordinary canons of construction.

2. The maxim, "utile per inutile non vitiatur," authorizes the rejection of surplusage, and saves from the imputation of uncertainty a verdict which is definite, complete, and certain upon the rejection of the surplusage in which indefiniteness inheres.

3. Under the common canon of construction, that the singular or plural number each includes the other, unless the contrary plainly appears from the context, a verdict finding in favor of "the defendant" will be construed as a finding in favor of all the defendants, where the suit is against two or more persons.

DECIDED JANUARY 15, 1912.

Motion to vacate verdict; from city court of Moultrie—Judge McKenzie. June 24, 1911.

*T. W. Mattox, W. F. Way,* for plaintiffs in error.

*Shipp & Kline,* contra.

POWELL, J. The Quitman Oil Company brought suit against the Monk-Sloan Supply Company (a corporation, of which Sloan was president) and C. E. Whitfield. The jury rendered the following verdict: "We, the jury, find for the defendant our verdict for Sloan and Whitfield," signed by the foreman. During the same term, the plaintiffs moved to set the verdict aside, on the grounds, (1) that it is ambiguous and uncertain; (2) that it is in favor of only one defendant, when there are two defendants in the case. The court granted the motion and the defendants excepted.

1. A verdict so uncertain as to be void may be set aside on motion. But "verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Civil Code (1910), § 5927.

2. A canon of construction, often applied to verdicts, is that all surplusage may be disregarded. The maxim, "utile per inutile non vitiatur," saves a verdict from the taint of any ambiguity or uncertainty brought about by rejectable surplusage. See, for example, the case of *Southern Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734 (58 S. E. 244), and the instances there cited of the perfecting of verdicts by the rejection of surplusage or the application of other cognate canons of construction. The words, "We, the jury, find for the defendant," are a full, definite, and complete verdict. If the added words, "our verdict for Sloan and Whitfield," relate to the defendants named in the pleadings, as they probably do, no harm is done by rejecting them, as they add nothing to the legal effect of the verdict. If the jury, in using these words, were referring to persons outside of the record, their reference to the outsiders is rankest surplusage, and of course it is to be rejected; for the only meaning which could then be given to the added words would be that the jury intended their finding in favor of the defendants to oper-

ate also in favor of certain outsiders—a matter as to which they had no concern. So, by construing the added words as referring to the defendants, or as not referring to them, the legal effect is the same—the added reference is mere surplusage.

3. The point that the verdict is bad because the jury used the word " defendant," when there were two defendants, is not well taken. It is a common canon of legal construction that " the singular or plural number shall each include the other, unless expressly excluded." Civil Code (1910), § 4, par. 4.

*Judgment reversed.*