NORTON, executrix, *et al. v.* NEELY COMPANY.

1. The petition stated a cause of action, except (relatively to one of the two defendants) as to a designated part of the property involved.
2. On the trial of an equitable action to set aside alleged fraudulent sales of property and to subject it to payment of the plaintiff's debt in execution, it was not cause for excluding the execution from evidence that in one respect it did not technically follow the judgment on which it issued.
3. The witnesses as to whose competency objection was presented were not, in the circumstances, incompetent under the law.
4. The charge to the jury was erroneous, relatively to one part of the property involved, in so far as it affected one of the defendants.
5. In applying the provision of law that "a bona fide transaction on a

valuable consideration, and without notice or ground for reasonable suspicion, shall be valid," it was not a correct instruction that if the defendants took the property "in good faith with no suspicion even of the purpose . . . to defraud, if there was no such purpose, then they would be protected."

6. The finding in the verdict, that the plaintiff was "entitled to recover the value of ten bales cotton against both defendants equally," was too indefinite to authorize a decree for any specified amount of money; although uncontradicted evidence may have shown a money value of cotton.

No. 887. JANUARY 15, 1919.

Equitable petition. Before Judge Hammond. Burke superior court. February 16, 1918.

A. B. Lovett, H. J. Fullbright, F. S. Burney, and C. B. Garlick, for plaintiffs in error.

Callaway & Howard and E. V. Heath, contra.

HILL, J. Easter Norton died testate in December, 1912, having appointed Jenette Norton executrix, who qualified as such. In 1909 the testatrix became indebted to R. C. Neely Company for the purchase of two mules, giving her note therefor in the sum of $470, only $69 of which was paid. In 1912 she also obtained from R. C. Neely Company advances and supplies for certain of her croppers and tenants to the amount of $246.95, which was not paid. At the time of obtaining the credits she was solvent, having a certain interest in lands in Burke county. In July, 1911, she purchased a half interest in forty-five acres of land in Screven county for $1528, which she conveyed by deed, on October 11, 1912, to Jenette Norton and Lila Norton Bryan for a named consideration of $50. During the fall of 1912, in the lifetime of Easter Norton, her tenants delivered at her yard in Waynesboro fifteen bales of cotton valued at $900. This cotton was sold by Jenette Norton, a few days before Easter Norton's death, for a sum in excess of $900. After the death of Easter Norton the R. C. Neely Co. filed a claim for the sum of $651.95 principal, and $228.08 interest, with Jenette Norton as executrix, who refused payment; and suit was brought and judgment obtained in the city court of Waynesboro for the amount sued for. The execution issued upon the judgment was levied on the lot of land in Waynesboro, and a claim thereto was filed by Jenette Norton and Lila Norton Bryan. It was alleged that there were no other assets of the estate of Easter Norton to be found. The present suit was brought for the purpose of can-

celling the deeds to the defendants as void and as made, with the knowledge of both parties thereto, to delay, hinder, and defraud the creditors of Easter Norton, especially R. C. Neely Company; also to consolidate this case and the claim case, and to obtain a judgment against Jenette Norton individually and against Lila Norton Bryan for the full amount of the proceeds of the fifteen bales of cotton alleged to have been received by them or either of them; also that the interest of Easter Norton in the Screven county land be declared subject to the lien of plaintiff's judgment and a sufficiency thereof be sold to satisfy the fi. fa. The defendants demurred to the petition, on various grounds. The demurrer was overruled, and the defendants excepted pendente lite. The sixth ground of the demurrer raised the issue that Lila Norton Bryan did not, according to the petition, take charge of or dispose of any of the cotton, and that so much of the petition as asked for a personal judgment against her should be stricken. The case proceeded to trial, and resulted in a verdict for the plaintiff. A motion for new trial was overruled, and the defendants excepted.

1. Relatively to all the property, the petition set forth a cause of action against Jenette Norton individually and as executrix. It also set forth a cause of action against Lila Norton Bryan individually, except as to the cotton. The sixth ground of the demurrer should have been sustained as to her; and whatever further was done in the case with reference to her, so far as the cotton was concerned, was nugatory.

2. The first special ground of the motion for a new trial complains of admission in evidence of the fi. fa., over objection that it did not follow the judgment upon which it was based. Upon comparison it appears that the fi. fa. did not follow the judgment in the respect as contended in the motion; but, the case being one to set aside fraudulent sales and to subject the property to the payment of the plaintiff's debt, so far as the judgment was valid, it was unimportant, for the purposes of this case, for the execution to follow the judgment technically; and the admission of the evidence furnishes no cause for a new trial.

3. The second, third, and fourth grounds relate to the admission of evidence over the objection that the witnesses, on account of interest, were prohibited by the statute from testifying in the

suit against the executrix. If the sales which it was sought to set aside were void on the ground of having been made to hinder, delay, and defeat creditors, they were void only as to the Neely Company, and neither of the witnesses could gain anything by the sales being set aside only in so far as to enable the Neely Company to subject the property to the payment of its debt. Under these circumstances the witnesses were not incompetent to testify, under the Civil Code, § 5858, par. 2, 4.

4. The fifth and sixth grounds assign error upon the following charges of the court: "Is the plaintiff, R. C. Neely Company, entitled to recover any amount against the defendants for the proceeds of the cotton alleged to have been sold by the defendants or their agents just prior to the death of Easter Norton in January, 1913? If so, how much against either or both? Then you write under it, 'Yes,' and the amount that you find the cotton to be worth, and the amount that you find from the evidence either or both of them liable in having misappropriated under this fraudulent scheme, if you believe such to have existed." And, "As far as the cotton is concerned they [referring to movants] sold the cotton and the proceeds of it never went to them, they contend, but went in extinguishment of the debts of their mother; anyhow it was turned over to her." The charge thus excepted to was erroneous in so far as it affected Lila Norton Bryan, against whom the petition had not set out a cause of action relatively to the cotton. What is here said also disposes of the ninth ground relative to Lila Norton Bryan on account of the conversion of the cotton, on complaint that said charge was without evidence to support it.

5. The seventh ground complains of the charge by the court: "However, if the consideration of this property was altogether inadequate, if they took it in good faith with no suspicion even of the purpose of their mother to defraud, if there was no such purpose, then they would be protected, and your verdict should be for the defendants." This charge was an attempt to apply the principle of the Civil Code, § 3224, par. 2; but it did not employ the language of the statute. It was charging too strongly against the defendants to use the expression "no suspicion even," as employed by the judge in the charge excepted to.

6. The eighth ground complains of the form of the verdict in

so far as it related to the cotton, on the ground that it was too indefinite. One object of the suit, and one object of the question propounded to the jury, was to ascertain the amount in money for which Jenette Norton would be individually liable on account of the conversion of the cotton; and for the jury to find that the plaintiff was "entitled to recover the value of ten bales cotton against both defendants equally" was not to find the value of the cotton in money. Such a verdict was too indefinite to authorize a decree for any specific money value of the cotton, irrespective of what the uncontradicted evidence might have shown. If the evidence demanded a verdict on this question, the verdict should have expressed it, and not left to the court in formulating the decree to go back and review the evidence in order to see what it was.

7. The tenth ground is too indefinite to present any question for consideration.

*Judgment reversed. All the Justices concur, except Gilbert, J., disqualified.*