## ROBERTS, administrator, *v.* ROBERTS.

HILL, J. 1. Where a petition in an equity suit seeks to have a deed canceled and decreed to be void on the ground of fraud exercised by the grantee inducing petitioner to sign the deed, and contains only a specific prayer that the deed be canceled and be decreed to be void, and a prayer for process requiring the defendant to appear and "to answer this complaint," the petition and prayers are not to be construed as a suit to reform a deed.

2. So construing the petition in this case, and considering the petition in connection with the answer of the defendant, which did no more than deny the allegations of the petition, there was no question of reformation of the deed, or any question except as to canceling the deed and declaring it void. In these circumstances the added provision in the verdict, "that Mrs. C. Roberts may live with W. F. Roberts and have a home with him on the premises during her life," is without pleading to support it, and may be treated as mere surplusage in entering a decree upon the verdict. *Knapp* v. *Harris*, 60 *Ga.* 398, 404; *Hudson* v. *Hawkins*, 79 *Ga.* 274 (4 S. E. 682); *N. & S. R. Co.* v. *Crayton*, 86 *Ga.* 499 (12 S. E. 877); *So. Ry. Co.* v. *Oliver*, 1 *Ga. App.* 734 (58 S. E. 244); *Geer* v. *Thompson*, 4 *Ga. App.* 756 (62 S. E. 500); *Monk-Sloan Supply Co.* v. *Quitman Oil Co.*, 10 *Ga. App.* 390 (73 S. E. 522).

3. The judge did not err in refusing the motion to amend the decree.

*Judgment affirmed. All the Justices concur.*

No. 6301. SEPTEMBER 12, 1928.

Motion to amend decree. Before Judge Crum. Wilcox superior court. August 22, 1927.

In 1907 Mrs. Catherine Roberts executed a warranty deed to her son, W. F. Roberts, purporting to convey described realty in fee simple. Shortly thereafter the grantor instituted an equitable suit against the grantee. The petition alleged that the petitioner bargained the premises to the defendant for the sum of $500, "with the understanding that reservation was to be made in the deed that petitioner was to be allowed her home on the premises for and during her lifetime," but that the deed as prepared by her son was made without any provision to the effect just stated; and petitioner was induced to sign the deed without reading it, on account of her confidence in her son and representations made by him as to the contents of the deed. The only prayer was that the defendant be required "to produce the said deed, that the said deed be declared void, and that the same be ordered canceled;" and for process requiring the defendant to appear at the next term of court "to answer this complaint." The defendant filed an answer which admitted some of the paragraphs of the petition, but denied those

paragraphs which made allegations as indicated above, and all paragraphs charging fraud. The plaintiff amended her petition by alleging "that the said defendant informed plaintiff that he had provided in the deed that the premises conveyed should contain a reservation that plaintiff should have the use and occupancy of the house and premises during her life, and that he would not set up his title until after her death; but instead of taking the deed in this manner, defendant made a warranty fee-simple deed, and has since been endeavoring and threatening to sell the said house and premises, and thus deprive plaintiff of her home in her old age." The jury returned a verdict for the plaintiff at the September term, 1908, and a decree was duly entered thereon. The defendant made a motion for a new trial, which was granted on December 17, 1908. At a subsequent trial the following verdict was returned: "We, the jury, find for W. F. Roberts the property described in the deed from C. Roberts to W. F. Roberts and referred to in the pleadings, and in favor of said deed being valid deed. We find that Mrs. C. Roberts may live with W. F. Roberts and have a home with him on the premises during her life. Oct. 17th, 1910." A decree was entered, Oct. 18, 1910, which, after quoting the verdict, stated: "It is considered, ordered, and adjudged by the court that the defendant, W. F. Roberts, have and recover of the plaintiff, Mrs. C. Roberts, the said described property [describing it] together with all the improvements thereon." After rendition of the decree Mrs. Roberts died, and her son, Joe Roberts, was appointed administrator upon the estate. In November, 1926, the administrator presented his motion to amend the decree so that it would read as follows: "Whereupon it is considered, ordered, and adjudged by the court that the defendant, W. F. Roberts, do have and recover of the plaintiff, Mrs. C. Roberts, the property described in the deed from Catherine Roberts to W. F. Roberts and referred to in the pleadings, and in favor of said deed being valid deed. It is further ordered and adjudged that Mrs. C. Roberts may live with W. F. Roberts and have a home with him on the premises during her life. Further ordered and adjudged that defendant recover of the said plaintiff the sum of $——— cost of this suit, to be taxed by the clerk of this court. This 18th day of October, 1910." This amendment was allowed, subject to objection or demurrer. Objections being interposed to the allowance of the amend-

ment to the decree, upon consideration of the case the judge passed an order denying and dismissing the said motion to amend the decree, on the ground that the clause in the verdict purporting to authorize the plaintiff "to live with W. F. Roberts and have a home with him on the premises during her life" was not authorized by the pleadings, and amounted to mere surplusage, and that the original decree could not be amended so as to carry into effect that provision of the verdict.

*J. H. Dorsey,* for plaintiff.    *Hal Lawson,* for defendant.