NELSON BROTHERS *v.* WEBB.

No. 9266.   APRIL 12, 1933.

*C. L. Redman,* for plaintiffs.   *C. C. King,* for defendant.

HILL, J.   (After stating the foregoing facts.)

1.   In the view we take of this case the verdict as rendered by the jury was too indefinite to be the basis of a valid judgment or decree.   The Civil Code (1910), § 5927, provides:   "Verdicts arc to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity."   In *Seifert* v. *Holt,* 82 *Ga.* 757, 762 (9 S. E. 843) it was said that "A verdict is certain which can be made certain by what itself contains or by the record."   And see *Giles* v. *Spinks,* 64 *Ga.* 205.   The verdict in this case was as follows:   "We, the jury, find for the plaintiffs, and fix the wall of the building the line."   We can not agree with counsel for defendant in error that there is nothing uncertain about this verdict.   On the contrary it is so uncertain, as stated, that we do not see how it can be the basis of a legal decree. The plaintiffs were suing for a twelve-inch strip of land at the rear of their storehouse, and also for damages by reason of defendant's having built his wall up to plaintiffs rear wall, thus shutting out the light and air from their building.   Construed in the light of the Code section and the decisions cited above, we do not see how the verdict can be enforced by a legal judgment.   The verdict was "for the plaintiffs," but for what?   The verdict does not point out that the plaintiffs are entitled to recover the land sued for, or to recover damages.   On the contrary the verdict fixes "the wall of the building the line;" that is, the wall of plaintiffs' building as the line.   If that line is to be taken as the correct line, then the plaintiffs have recovered neither the land nor any damages; and giving the verdict as written that construction, there could be no legal judgment against the defendant for the cost of suit.   On the other

hand, if the verdict is construed as being in favor of the defendant, then no judgment could be entered against the defendant. So, in either construction, it seems to us that the verdict as rendered is so uncertain as to its meaning that no legal judgment can be based thereon; and we think it better for the case to go back for a new trial, that the jury may render a more definite verdict under proper instructions from the court.

2. The other grounds of the motion for new trial, complaining of the charge to the jury, as expressing an opinion by the court as to what had or had not been proved, are without merit.

*Judgment reversed. All the Justices concur.*