MARTIN *v.* MARTIN.

788

*Olin T. Flournoy,* for plaintiff in error.

*J. B. Edwards* and *Tison & Stewart,* contra.

BELL, Justice. Upon the trial of an action for permanent alimony, the jury returned a verdict that the defendant "shall pay the total cost of the operation and hospitalization of plaintiff, and also pay plaintiff the sum of seven dollars per week for the space of six weeks to begin with the date of operation." Judgment was entered accordingly. The petition contained the following allegations: The plaintiff "says that her health is not good, and that it will be necessary for her to undergo an operation, and that she will not have sufficient means to pay for same and support herself. She says further that she will have to go to a hospital, and that for a considerable period after the operation she will be unable to support herself." There was no other reference in the pleadings to operation and hospitalization. The defendant moved to arrest the judgment so far as it required payment of the cost of "the operation and hospitalization of the plaintiff," on the ground that the verdict as to these items was too vague and indefinite to authorize a decree. The motion was overruled, and the defendant excepted. It is the opinion of this court that the verdict was void for uncertainty as applied to the items last mentioned, and that the court erred in overruling the motion to arrest the judgment to that extent. Code, § 110-112; *City & Suburban Railway of Savannah* v. *Brauss,* 70 *Ga.* 368 (2, *b*); *Mayor &c. of Washington* v. *Calhoun,* 103 *Ga.* 675 (30 S. E. 434); *Norton* v. *Neely Co.,* 148 *Ga.* 652 (6) (98 S. E. 76); *Nelson* v. *Webb,* 176 *Ga.* 842 (169 S. E. 111). *Judgment reversed. All the Justices concur.*