CALHOUN *v.* BABCOCK BROTHERS LUMBER
COMPANY *et al.*

No. 15083.   MARCH 7, 1945.

*P. Z. Geer,* for plaintiff in error.

*Bennet, Peacock & Perry* and *Stapleton & Stapleton,* contra.

BELL, Chief Justice. One of several contentions presented by the demurrer was, that the petitioner was not entitled to any of the equitable relief sought, for the reason that he could have obtained complete and adequate relief as to all matters of which he complained by appropriate proceedings in the ejectment case. In the view we take of the case, we need not pass upon this contention.

The demurrer also presented the contention that the verdict did not appear to be void. Since this contention went directly to the merits of the controversy, and since we are of the opinion that it was well taken, we deem it not improper, under the facts of the case, to place our decision upon that ground, thus putting at rest the substantive matter in dispute, and rendering it unnecessary to deal with other questions. Compare *Hopkins* v. *Kidd,* 192 *Ga.* 791, 795 (16 S. E. 2d, 570). The question to be determined, then, is whether the instant petition showed that the verdict was void for uncertainty, the petition as a whole having been predicated solely upon that theory.

Although the former suit was an action in ejectment, the plaintiff's right to recover depended solely upon the true location of the east original land line which formed the dividing line between the lots of the plaintiff on one side and those of the defendant on the other. Only one such original line was mentioned in that suit, and it was described therein, not only by reference to three designated lots of which it was alleged to be the eastern boundary, but also by definite reference to iron stakes, and by alleging further that a part of it had been "formerly marked by a fence, which said fence was removed by the defendant, J. R. Calhoun, or his employees before the filing of this suit."

The defendant's answer consisted only of a plea of not guilty, and did not refer to any particular lot or lot line.

The verdict was as follows: "We, the jury, recommend that the fence be took up and set back on the original line agreed upon by Babcock and Bush, and also recommend that no rent be paid Babcock Company, but that Calhoun have the privilege to move his fence and posts off of Babcock land." The petitioner, who was

the defendant in the ejectment case, contends that this verdict is void for uncertainty, and for failure to cover the issues made by the pleadings and the evidence, because it can not be determined from the verdict and the pleadings what was "the original line agreed upon by Babcock and Bush." Manifestly, the jury intended to find something in favor of Babcock Brothers Lumber Company, otherwise they would not have recommended that no rent be paid Babcock Company, or that Calhoun have the privilege of moving "his fence and posts off of Babcock land."

Verdicts shall have a reasonable intendment, shall receive a reasonable construction, and shall not be avoided except from necessity. Code, § 110-105. The presumptions are in favor of the verdict, and the burden is on the party attacking it to show its invalidity. *Mobley* v. *Belcher,* 144 *Ga.* 442 (87 S. E. 470) ; *Camp. Lumber Co.* v. *Strickland,* 144 *Ga.* 445 (87 S. E. 413). Where a verdict is ambiguous and susceptible of two constructions, one of which would uphold it, and one of which would defeat it, it "will not on this account be set aside, but will be given a construction which will uphold it." *Atlantic & Birmingham Ry. Co.* v. *Brown,* 129 *Ga.* 622 (4) (59 S. E. 278).

If the verdict had found only that the fence be taken up and set back on the *line* agreed upon by Babcock and Bush, it might perhaps have been too indefinite, but it said, "the original line," and as we have just stated, the suit definitely described the east original line for which the plaintiff contended. If the words, "agreed. upon by Babcock and Bush," had been omitted, then the phrase, "the original line," when construed with its context, would presumably refer to the original line as described in the suit, and there would be no uncertainty. Code, § 110-101; *Barnes* v. *Strohecker,* 17 *Ga.* 340 (3) ; *Johnson* v. *Jones,* 68 *Ga.* 825; *Brand* v. *Kennedy,* 71 *Ga.* 707 (3) ; *Hardy* v. *Rylee,* 182 *Ga.* 618, 619 (186 S. E. 727). In other words, the verdict, minus the words, "agreed upon by Babcock and Bush," would clearly have found for the plaintiff the entire tract in dispute, since only the dividing line was to be determined. Nor does the phrase that was interpolated necessarily negative such a finding, for if Babcock and Bush did agree upon an original line, its course and location could have been determined in precise accord with its course and location as described in the

petition in the land suit, and for aught that appears, either in the pleadings in that case or in the present petition, there was such accord. It is true, as alleged in the instant case, the petition in the land case did not show "the Babcock and Bush agreed line" to be the east line of the tract sued for. However, this does not alter the fact that the parties thus named could have agreed, and may actually have agreed, upon such location. Nor does the present petition show affirmatively that a different agreement was made, and in this statement we refer both to the direct allegations and to the alleged copy of the evidence adduced in the land case, which was attached as an exhibit to the instant petition.

We thus reach the conclusion that the phrase, "agreed upon by Babcock and Bush," did not necessarily refer to an original line different from the one and only original line described in the petition in the land case, and, since nothing to the contrary appears, it should be construed consistently therewith. Accordingly, under the facts shown, the verdict can be taken to mean only that the original line so agreed upon is the same as the original line described in the land suit, and that the plaintiff should recover the tract in dispute. In this view, since the added words were insufficient to change the result, they may be treated as surplusage, and disregarded.

In *Patterson* v. *Fountain,* 188 *Ga.* 473 (4 S. E. 2d, 38), the following verdict was sustained as against an attack that it was void for uncertainty: "We, the jury, find in favor of the defendant, establishing the line that was originally agreed upon by both contending parties in the year 1916, peaceably standing until 1933." It was held that the verdict was a finding in favor of the defendant for the premises in dispute, the part relating to the establishment of a line being treated as surplusage. As to surplusage, see generally, *Fraser* v. *Jarrett,* 153 *Ga.* 441 (7) (112 S. E. 487); *Nichols* v. *Kilpatrick,* 157 *Ga.* 884 (2) (122 S. E. 611); *Short* v. *Cofer,* 161 *Ga.* 587 (131 S. E. 362); *Roberts* v. *Roberts,* 166 *Ga.* 847 (2) (144 S. E. 654); *Southern Railway Co.* v. *Oliver,* 1 *Ga. App.* 734 (4) (5) (58 S. E. 244); *Geer* v. *Thompson,* 4 *Ga. App.* 756 (3) (62 S. E. 500); *Monk-Sloan Supply Co.* v. *Quitman Oil Co.,* 10 *Ga. App.* 390 (2) (73 S. E. 522); *Lawson* v. *State,* 52 *Ga. App.*

181 (182 S. E. 820). The petition did not state a cause of action, and was properly dismissed on general demurrer.

In the view which we have taken, it is unnecessary to determine whether, if the verdict had been apparently subject to the objections made, the judge could have cured the defect by inserting in the judgment the clauses which the petitioner sought to have stricken. Since the verdict was apparently valid, and the judgment was in conformity with its legal effect, the recital in the judgment as to what was shown by the evidence does not harm the petitioner.

*Judgment affirmed. All the Justices concur.*

GRICE and DUCKWORTH, JJ., concurring specially, are of the opinion that the verdict was void; nevertheless, that the petitioner was not entitled to the equitable relief sought, for the reason that he could have obtained complete and adequate relief as to all matters of which he complained, by appropriate action in the ejectment case. Code, §§ 110-311, 110-701, 110-705; *Apperson* v. *Mutual Fertilizer Co.,* 148 *Ga.* 159 (96 S. E. 260); *Nelson* v. *Webb,* 176 *Ga.* 842 (169 S. E. 111); *County of Bibb* v. *Mortgage Bond Co.,* 183 *Ga.* 402, 403 (3) (188 S. E. 698); *Manry* v. *Stephens,* 190 *Ga.* 305 (2) (9 S. E. 2d, 58).