HUDSON *et al. vs.* HAWKINS, ordinary, for use.*

1. While the evidence in this case was conflicting, there was sufficient to sustain the verdict.

2. Where, on a suit on a guardian's bond, it appeared that some of the vouchers of the guardian were for goods, most of which were furnished for the mother of the ward and some for the ward, and the guardian failed to distinguish between those furnished for the mother and those for the ward, the jury were authorized to disregard the whole account.

3. Where, to a suit on a guardian's bond, a plea of settlement with other pleas was filed, and upon a reference of the case to an auditor, he opened the settlement and found an amount in favor of the ward, to which finding the plaintiff filed exceptions, but the defendant filed none, the exceptions were the only matter tried by the jury; and a verdict thereon in favor of the plaintiff was not contrary to evidence on the ground that the evidence sustained the plea of settlement.

4. Where the jury, after finding upon exceptions to an auditor's report *seriatim*, went further and found an aggregate sum for the plaintiff, and it appears from the certificate of the presiding judge that he disregarded this latter finding and treated it as surplusage, there was no error in so doing; and a reversal will not be granted on the ground that such additional finding was not true or lawful.

5. Where the record does not show what written exceptions to interrogatories were taken, a ground of a motion for a new trial based on the overruling thereof cannot be considered.

6. Where a guardian was discharged for failing to make a return, and subsequently made a return unaccompanied by any vouchers and which did not appear to have been approved, although it was recorded, there was no error in rejecting it from evidence in a suit on the guardian's bond.

December 8, 1887.

Guardian and Ward. Mingling Goods. Auditors. Practice in Superior Court. Evidence. Verdict. New Trial. Practice in Supreme Court. Before Judge BROWN. Forsyth Superior Court. August Term, 1886.

Reported in the decision.

*This case was argued at the last term, and reargued at this term by order of the court.

GEORGE N. LESTER; R. P. LESTER, for plaintiffs in error.

H. L. PATTERSON, for defendant.

SIMMONS, Justice

Hawkins, the ordinary of Forsyth county, on behalf of George W. Holbrook, brought his action against A. M. Hudson, as principal, and John L. Hudson and M. A. Holbrook, as securities, on a guardian's bond; alleging, as breaches thereof (1) the failure on the part of said A. M. Hudson, as guardian of said Holbrook, to make his annual return as required by law; and (2) his failure and refusal to pay over to his said ward, on the latter's arrival at age, the sum of $1,500 which he had received for said ward.

The defendant filed three pleas: (1) the general issue; (2) that he had been removed from the guardianship by the ordinary, and after his removal had paid all in his hands to John L. Hudson, who had been appointed guardian in his stead; and (3) that after the ward had arrived at age, he had a full and final settlement with said ward, and that said ward acted with full knowledge of all his legal rights in the premises.

At the trial term of the case, on motion of the defendant, an auditor was appointed to audit the accounts between the plaintiff and the defendant. The auditor made his report to the court, finding the sum of $84.87 due by the former guardian, A. M. Hudson, to the ward. The plaintiff excepted to this report on the various grounds set out in his exceptions; the defendant failed to except to the report. Upon the trial of the case, the jury found in favor of nearly all the exceptions made by the plaintiff. The court thereupon entered up judgment for the sum of $750.36. It appears from the record that the plaintiff voluntarily wrote off $275.36, reducing the judgment to $475. A motion was made for a new trial by the defendants,

upon the various grounds set out therein, which was over-ruled by the court, and the defendants excepted.

1. The first, second and third grounds are the usual ones, that the verdict was contrary to law and to the evidence. We have looked through this evidence carefully, and find that, upon the trial of the exceptions which were submit-ted to the jury, the evidence was conflicting; and we hold that there was sufficient evidence to authorize the verdict.

2. It was insisted by counsel for the plaintiff in error that the only evidence in favor of the plaintiff below as to some of the exceptions, was the testimony of Mrs. Hol-brook, the mother of the ward, and that her testimony as to some of the vouchers was, that the articles were partly for her and partly for the ward, and that the plaintiff be-low did not show which were for the ward and which for the mother, and therefore the whole account ought to have been allowed, he contending that the burden was on the plaintiff below to show what part of the account was proper and what part improper. We do not agree with the learned counsel in his views upon this subject. We think the rule is otherwise. "If a party having charge of the property of others so confound it with his own that the line of dis-tinction cannot be drawn, all the inconvenience is thrown upon him who causes the confusion, and he must distin-guish his own property or lose it." Code, §3131. In re-gard to these vouchers it appears that, by the authority of the guardian, the accounts were charged to Mrs. Holbrook, the mother. Upon an inspection of the items in these accounts it appears that a great many, if not a large ma-jority of the items, were for the mother, and a few were for the ward. The guardian failed to show to the jury which particular items were for the ward and which for the mother; and as he introduced no evidence to distin-guish between these different accounts, the jury were au-thorized to disregard the whole account.

3. It was also contended by the plaintiff in error that the jury found contrary to the evidence, because, he insisted,

the evidence showed that there was a complete settlement made with him by the ward, after the latter's arrival at age, of all matters between them. We do not see how that plea could have been insisted on at the trial. The record shows that the case was referred to an auditor; this special plea of settlement was also referred to the auditor, and his report shows that he opened the settlement and found $84.87 in favor of the ward, thereby finding against this plea of final settlement. The defendant below filed no exceptions to this finding of the auditor. Where a matter is referred to an auditor and exceptions are filed, the exceptions are the only matters tried by the jury; and they must pass upon them *seriatim.* As said before, the defendant having filed no exception to this report, his third plea of final settlement was not before that jury, and the jury could not consider it; nor can we consider it here.

4. The fourth ground insisted upon was, that the jury, after finding upon the exceptions *seriatim,* went further and found an aggregate sum for the plaintiff, which finding is not true or lawful. The court certifies that, in making up his judgment in this case, he disregarded the aggregate sum found by the jury, and treated it as surplusage. We see no error in this ground of the motion. The finding of the jury of the aggregate sum was surplusage; and the court having so treated it, the case should not be reversed on that ground. The same may be said of the assignment of error in the fifth ground. The court was right in treating the aggregate finding of the jury as surplusage. There was no error in the charge given by the presiding judge as set out in the sixth ground of the motion.

5. The tenth ground is: " Because the presiding judge erred in refusing to quash the evidence of Mrs. M. L. Holbrook taken out by the plaintiff and read by plaintiff because of written exceptions taken thereto by counsel for defendant." The motion does not set out what these written exceptions were, and therefore we cannot consider this

ground.   We have looked at the interrogatories in the record, and there are no exceptions set out there.

6. There was no error in rejecting and ruling out "Return Number 8" of A. M. Hudson.   This was a return made after his discharge by the ordinary from the guardianship of this ward for failing to make a return.   The evidence does not show, in the first place, that the ordinary ever approved the return, although he put it on record; but even if he had, as said before, this ward could not be charged by any statement that Hudson made after he had been removed as guardian.   Besides, as no vouchers accompanied this return, it was a mere memorandum or statement filed by Hudson with the ordinary, and improperly put on the record by the ordinary.   The court, therefore, committed no error in ruling out "Return No. 8."

Judgment affirmed.