KENNESAW GUANO COMPANY *v.* WAPPOO MILLS *et al.*,

and *vice versa.*

TURNER, J.   1.  Where goods have been delivered to an agent to be sold by him on commission, and he subsequently, from time to time, ships varying quantities of the same, along with similar goods of his own, to numerous customers, without in any instance keeping or attempting to keep a record of the quantity, purchase-price, or destination of such of the goods as belong to his principal, or of the name of the purchaser thereof, but taking from the purchaser a promissory note covering the price of the entire shipment, such agent is chargeable with at least a technical conversion of his principal's goods, and can not escape the resulting legal liability to account for the fair market value of the same, irrespective of the motives which actuated him in thus indiscriminately dealing with the goods sold as though they belonged exclusively to himself.   Mechem on Agency, § 529 ;  *Hobbs* v. *Chicago Packing Co.*, 98 *Ga.* 576.

2.  Though the contract between the principal and his agent may have stipulated that the latter was not to be held responsible for the price of goods sold to such of his customers as might not be solvent, and that, as to all sales of the principal's goods of more than a specified quantity, he and his agent were to equally divide the excess over the minimum price at which all orders were to be filled, yet, before the agent could avail himself of these stipulations, he would have to successfully carry the burden of showing which of the customers to whom he sold goods of his principal were insolvent, and in what quantities the goods were sold.   *Claflin* v. *Continental Works*, 85 *Ga.* 28 (4), 47.

3.  Under the undisputed facts of the present case, as disclosed by the report of the auditor to whom it was referred with a view to bringing about an accounting between the parties, the defendant company was liable for an amount greater than that for which a decree was entered against it in the court below ; and the judge of that court did not commit any error which was prejudicial to that company, either in his rulings upon the questions raised by the exceptions of law to the auditor's report, or in ordering an accounting upon an equitable basis more favorable to the defendant than it had any right, under the strict terms of the law governing its liability, to demand or expect.

*Judgment on main bill of exceptions affirmed ; cross-bill of exceptions dismissed. All the Justices concur.*

Argued February 23, — Decided March 29, 1904.

Exceptions to auditor's report.   Before Judge Lumpkin.   Fulton superior court.   April 13, 1903.

*Ellis, Wimbish & Ellis,* for Kennesaw Guano Company.
*Daniel W. Rountree,* contra.