### English *v.* English *et al.*

ATKINSON, J. 1. Liens for municipal taxes and street-pavement assessments arise by operation of law, and do not depend for their validity upon contract, express or implied. Hence, where real estate of a ward is impressed by such liens and his guardian pays them off, the guardian will be allowed, in an equitable accounting, to encroach upon the corpus of the estate for reimbursement, where there are not suffi-

cient funds arising from income. The provisions of the Civil Code, §§ 3060, 3070, regulating disbursements by guardians, and limiting the power of guardians to bind their wards by contract and to create liens upon their property, do not militate against this ruling.

2. Where a guardian receives and disburses the estate of his ward, he is entitled to statutory commissions (Civil Code, §§ 3071, 4062), unless he forfeits them on grounds provided by law (Civil Code, §§ 4069, 4065); and in an accounting between the guardian and his ward, such commissions may be charged against the corpus of the estate as well as the income.

3. Where a guardian represents more than one ward, he should keep separate accounts with them; and in an accounting with his wards, the guardian's accounts should show his status with each ward separately. If the accounts are mingled, the guardian will not be entitled to charge for such advances as are not shown to have been made for one particular ward. *Hudson* v. *Hawkins*, 79 *Ga.* 274 (4 S. E. 682).

4. The case was an equitable accounting between a guardian and his ward, and was heard by the judge by consent without a jury. The case being for decision by six Justices, the court is evenly divided as to whether the trial judge erred in refusing the guardian any reimbursement from the corpus of the estate for permanent improvements on the ward's property constructed with money advanced by the guardian from his personal funds without any order of a court of competent jurisdiction. FISH, C. J., BECK, P. J., and ATKINSON, J., are of the opinion that some reimbursement should have been allowed. HILL, GILBERT, and GEORGE, JJ., are of the contrary opinion.

5. The foregoing rulings dispose of the controlling questions in the case. Under the rulings announced in the first and second headnotes, the judge erred in denying a new trial.

*Judgment reversed. All the Justices concur.*

No. 1257. SEPTEMBER 27, 1919.

Equitable petition. Before Judge Summerall. Ware superior court. November 5, 1918.

*J. L. Sweat* and *Wilson & Bennett,* for plaintiff in error.

*Parks & Reed* and *Memory & Memory,* contra.