GEORGE W. EHRSAM ET AL. vs. FLORENCE NEARY LEE,
GUARDIAN (GEORGE W. EHRSAM'S APPEAL FROM
PROBATE).

Third Judicial District, New Haven, June Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and NICKERSON, Js.

The paragraphs of a motion to correct the finding must be based sub-
stantially upon the corresponding paragraphs of the draft-finding;
and the assignments of error must follow those paragraphs of
the motion to correct, which form the subject of the appeal.

A guardian of two or more wards should keep and file separate accounts
for the estate of each ward.

The burden of proving his account is always upon the guardian, but he
may, as in the present case, take the risk of resting upon his general
testimony that the account as rendered is a true and accurate
statement of receipts and disbursements, without explaining in
detail the disputed items.

In the present case, the defendant, as guardian of two wards, filed a
joint account for the period between November, 1920, and Febru-
ary, 1923, which showed receipts of $4,400 out of which she ex-
pended $1,535 for "spending money," $779 for clothing and only
$2,085 (less than fifty per cent) for the maintenance of the house-
hold. Held that the expenditures for personal expenses were,
on their face, so excessive, extravagant and unreasonable as to
compel the disallowance of the account.

The account also showed advances of $916 by the defendant and un-
paid bills of $809. Held that these items should be disallowed in
the absence of facts showing that the income which the defendant
received, or should have received, would justify them as reasonably
necessary, since the expenditures of a guardian cannot exceed his
income except in a case of urgent necessity.

The defendant was not entitled to the allowance of an attorney's fee
for services alleged to have been rendered in defending her account
in the Court of Probate, in view of her testimony, upon cross-
examination, without further explanation, that the services were
actually rendered in connection with litigation occurring prior
to the matter of the allowance of the account.

Argued June 10th—decided July 28th, 1924.

APPEAL by the plaintiffs from an order and decree of
the Court of Probate for the district of Bridgeport

settling the defendant's account as guardian, taken to and tried by the Superior Court in Fairfield County, *Wolfe, J.;* facts found and judgment rendered disallowing certain items of the account and in other respects confirming it, from which the plaintiffs appealed. *Error and new trial ordered.*

*Robert H. Gould,* for the appellants (plaintiffs, William L. Zepp, trustee, and George W. Ehrsam).

*Henry E. Shannon,* for the appellee (defendant, Florence Neary Lee, guardian).

WHEELER, C. J. Frederick F. Ehrsam, of Bridgeport, under his will, left in trust the residue of his estate to William L. Zepp, one of the appellants, for the benefit of his two minor sons, George W., the other appellant, and Frederick F. Ehrsam, an appellee herein. The testamentary guardian of these minors appointed under the will died, and on October 29th, 1918, the appellee Florence Neary, now Florence Neary Lee, was appointed in her stead and duly qualified. The trustee under the will of Frederick F. Ehrsam has from time to time turned over to the guardian certain funds from the income of the trust estate. The estates of these two minors were kept undivided by the guardian, and were handled by her as if they were one, the guardian keeping no separate account of the separate and distinct expenditures made for and to the minors. On March 14th, 1923, the guardian filed her account covering the period from November 1st, 1920, to February 1st, 1923, and thereafter filed a supplementary account. The Court of Probate made certain corrections in this account and thereupon accepted the account. The appellants appealed to the Superior Court from the allowance of

this account. It does not appear, and cannot be determined from the account, what expenditures or what application of the property of the estate was made to each ward, nor what disbursements of the same should be charged to each of them.

On October 20th, 1921, the Court of Probate ordered that the guardian should not exceed $250 a month in making expenditures for these minors. The trial court has found these facts: It is not possible, from the manner in which the guardian kept her accounts, to determine as a fact that this order was violated by this guardian. During the period of this account, from November, 1920, to February, 1923, the guardian maintained, in a house belonging to the Ehrsam trust estate, a home for herself and wards, and directed the household and did a large part of the work necessary to such support, without compensation other than her board and lodging, and out of the $4,400 paid to her as guardian by the trustee, she has, as appears in the account, given George for "spending money" $1,081, and Fred $454.45, and in addition, has expended for clothing for George $195.15, and for Fred $305.82, and for clothing not charged to the individual ward $278.53, making in all for the personal expenditure of the wards $2,314.95.

It also appears from the account that the guardian has advanced to meet obligations incurred in behalf of the wards $916.53, and has unpaid bills amounting to $1,581.77. The court has found that the items termed "spending money" were expended by them for various necessities and for pleasure. The items of $48.34 and $96.68, paid by the guardian for insurance, as well as two items of $11.25, were disallowed by the court, and also the item of $500 for services. The court also struck from the account an item of $17.50 for rent of garage, as belonging to the trustee.

The court finds that the guardian acted in good faith, but that her management was unbusinesslike and uneconomical, due to her youth and business inexperience, and, except as to these six items, rendered judgment accepting the account; and further found that the items of the account so accepted were expended by the guardian for the benefit of the wards and for their support and education.

Such parts of the requested additions to the finding as are included in assignment of errors 24(c) and are in the draft-finding, which we find well taken, we incorporate in the statement. The appellants also seek to correct the finding by enlarging the findings of the draft-finding. This cannot be done. The paragraphs of the motion to correct must be based substantially upon corresponding paragraphs of the draft-finding, and the assignments of error must follow the paragraphs of the motion to correct which appellants pursue. One of these corrections asks to strike out paragraph twenty-two of the finding, which states, in substance, that the expenditure by the guardian of $250 for the services of an attorney was necessary and required by reason of the opposition to the allowance of the account in the Court of Probate. The guardian, testifying in her own behalf on cross-examination, stated that the services charged for were in connection with litigation occurring prior to the matter of the allowance of the account. The guardian did not attempt to contradict or explain this testimony, so that we find no basis in the evidence for this finding, and the motion to strike out paragraph twenty-two of the finding is granted, and as a consequence, this item of the account must be disallowed.

Claim of law ten, as made in the court below and forming the basis of assignments of error fifteen, that "in view of the mode of living and the position in life

of the wards, the spending of money not for necessaries, given by the guardian to them, was excessive, extravagant and without a legal justification," should have been sustained. What is termed "spending money" for George is given as $1,081, in the period between November, 1920, and February 1st, 1923, and for Fred, in the same period, $454.45; the total of the amount given the guardian by the trustee was $4,400. Upon their face, these amounts appear to be excessive and extravagant, even though some of these were for necessaries. In addition, there was expended for clothing for George $195.15, and for Fred $305.82, and for clothing, presumably for the wards but unidentified as to the possessor, $278.53. In all, $2,314.95 of the $4,400 received appears to have been expended by the guardian for the wards exclusive of the cost of maintaining the household; that is, over fifty per cent of the receipts was thus expended. Claim of law ten is well taken, and the account should be disallowed on this ground. Such expenditures of funds by the guardian were excessive and extravagant. What would have been a reasonable allowance for these wards cannot be ascertained upon the facts found; that the expenditures made were not reasonable is a demonstration. If this were the only ground of the appeal, it would require the disallowance of the account.

Two of the claims of law made in the court below and incorporated among the errors assigned, include the single point that the account should be disallowed because it did not apportion the income to each ward, nor account to the estate of each ward, separately. The estate of each ward was a separate entity, and a separate account as to the receipts of, and the disbursements for, each ward should have been made, and the law recognizes no other form of account. The court has found that the making of such an account is an

impossibility where the receipts and disbursements for each ward have been inextricably intermingled. We see no insuperable difficulty in making separate accounts. The income can be divided in the proportion specified in the will. The items of maintenance of the household should be apportioned between each; the other items of personal charges for each ward have been separated, except in the items of clothing amounting to $278.53. These can be apportioned approximately, if not exactly. The practice, generally approved in an accounting by a guardian for several wards, is to keep separate accounts for the estate of each ward, and to file such accounts separately. *Armstrong's Heirs* v. *Walkup*, 9 Grattan (50 Va.) 372, 376; *Wood* v. *Black*, 84 Ind. 279, 285; *Hudson* v. *Hawkins*, 79 Ga. 274, 4 S. E. 682; *English* v. *English*, 149 Ga. 404, 100 S. E. 362; *Hescht* v. *Calvert*, 32 W. Va. 215, 228, 9 S. E. 87; *Crow, Guardian,* v. *Read*, 38 Ark. 482, 485; 28 Corpus Juris, p. 1213, § 370; American Law of Guardianship, Woerner (1897 Ed.) pp. 110, 322.

The guardian's account shows that she advanced $916.53, and has unpaid bills, exclusive of those disallowed, of $809.27. The guardian's expenditures should in all cases be limited to those reasonably necessary for the ward. And in this case by the further limitation of the order of the Court of Probate that the guardian should not exceed the sum of $250 a month from October 1st, 1921, in contracting obligations for the support and education of her wards. The guardian should not be permitted to exceed her income except in a case of urgent emergency. In this case, upon the facts upon the record before us, the guardian's advances and unpaid bills should be disallowed, unless it shall appear that the income which the guardian should have received would justify these

expenditures as reasonably necessary. There is some indication that the trustee has not paid over to the guardian the entire income due to the guardian during the latter part of the period covered by the account. It may be that if such payments should have been made, they would have been sufficient to cover in whole or part bills incurred by the guardian for necessary expenses. The rule of law governing such a relation is accurately expressed in *In re Mells, Guardian*, 64 Iowa, 391, 394, 20 N. W. 486: "The facts show that he [guardian] allowed an obstinate, wilful and extravagant boy to waste and squander his estate, by paying to him and for him large sums of money for purposes which were neither proper nor necessary, and without any protective orders of the circuit court. The law in regard to the management of the estates of those who are by law the subjects of guardianship requires the most scrupulous care and attention upon the part of guardians. While it appears in this case to be a hardship to require the guardian to pay the sum awarded against him, yet no other conclusion can be reached without a violation of well recognized rules of law governing parties sustaining such relations." See also American Law of Guardianship, Woerner (Ed. 1897) § 51.

The claim of the appellants, that the court held the burden of proving her account was not upon the guardian, is without foundation. The court ruled that the guardian might, if she chose, rest her case upon her general testimony that the accounting as rendered was a true and accurate account of receipts and disbursements. The court distinctly ruled that the burden still rested upon the guardian. The failure of the guardian to present her version of the items of the account in controversy, either on her direct or rebuttal, may have been her misfortune, but did not involve an erroneous ruling by the court. The items disallowed

by the trial court were properly disallowed. None of the other errors properly a part of the assignment of errors merits consideration.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except NICKERSON, J., who dissented.