17491.  FINANCE COMPANY OF THE SOUTH *v.* LOWRY, sheriff, *et al.*

1. Where the furniture and fixtures of a tenant in a store, consisting of various separate and distinct articles, are subject to the lien of a distress warrant in favor of the landlord, but a part of such property is subject to a prior reservation of title in favor of the tenant's vendor, held by another as assignee, and where, after both claims have been put into execution, the sheriff sells the property as a whole and in bulk, after first publicly inquiring for objections, if any, to such procedure and hearing none, and where the sheriff pays the entire proceeds on the claim of the landlord, and, by a subsequent rule against the sheriff, the assignee seeks to recover the amount of the assigned claim, the burden is on the sheriff, as by evidence of the relative value of the part of the property subject to the prior claim as compared with the value of the whole, to show what proportion of the fund should be applied to the prior claim, or else suffer judgment in the assignee's favor for the entire fund, less costs, not exceeding the amount due on that claim.
2. The above ruling is not altered by the fact that an authorized representative of the vendor may have appeared at the sale after it had been commenced as a sale in bulk, and may then have made certain bids on the property.

Confusion of Goods, 12 C. J. p. 496, n. 57.
Sheriffs and Constables, 35 Cyc. p. 1878, n. 48.

3. Applying the above rulings to the facts of this case, the court erred in directing a verdict in favor of the sheriff and against the plaintiff in the rule. *Claflin* v. *Continental Jersey Works*, 85 *Ga.* 27 (4) (11 S. E. 721); Civil Code (1910), §§ 4587, 3592; 12 C. J. 496; Bank *v.* Stewart Lumber Co:, 119 Wis. 54 (94 N. W. 777).

DECIDED JANUARY 24, 1927.

Money rule; from city court of Atlanta—Judge Reid.   May 8, 1926.

*V. H. Gaddis, Little, Powell, Smith & Goldstein, Kendrick L. Scott,* for plaintiff.

*Wright, Cox & Johnson, W. F. Slaton,* for defendants.

BELL, J.   This case arose on the petition of Finance Company of the South for a money rule against Lowry, sheriff of the city court of Atlanta, to which Grant Properties Incorporated was made a party.   The issues as framed by the pleadings were tried before a jury.   The judge directed a verdict in favor of the sheriff. Thereafter the Finance Company of the South moved for a new trial, which was refused, and it excepted.   The motion for a new trial contained the usual general grounds, with some amplification thereof in an amendment, and a special ground assigning error on the direction of the verdict.   The following facts were developed upon the trial, without dispute:   A tenant in a store belonging to Grant Properties Incorporated had purchased certain furniture and fixtures therein, to which the vendor had reserved title until the payment of the purchase-money.   The vendor, after due record, transferred the contract of conditional sale to Finance Company of the South.   The tenant had in the store other fixtures which were not subject to such reservation of title.   The rents having become past due, Grant Properties Incorporated sued out a distress warrant and placed it in the hands of the sheriff, and it was levied upon all the property.   Thereupon the Finance Company also foreclosed its claim and placed it in the hands of the sheriff for execution.   The property was subsequently brought to sale.   Before the sale the deputy who represented the sheriff inquired publicly if there were objections to a sale of the entire property as a whole and in bulk.   The attorney for Grant Properties Incorporated was present and had knowledge of this inquiry.   At this time no person was present representing the Finance Company.   Hearing no objection, the deputy proceeded to sell all the property together for a lump sum.   Before the property was knocked off, however, an

authorized representative of the Finance Company appeared at the sale and made certain bids on the property, after learning on arrival that it was being offered in bulk. The proceeds of the sale were less than the amount of the claim of the Grant Properties Incorporated. The sheriff shortly paid over the entire fund, less costs, to that company. The Finance Company introduced testimony as to the relative value of the property subject to its claim, as compared with the value of the entire property sold, thus forming a basis upon which the jury might have worked in dividing the proceeds of the sale if the case had been submitted to them.

There was no confusion here of the goods themselves, since they consisted of separate and distinct articles. There was, however, a confusion of the proceeds of the sale of the goods; and under all the facts appearing, we think the principles of law which would govern in a case of confusion of goods are applicable. If the sheriff chose to sell the property in bulk when the Finance Company had a first lien upon a part of it, any inconvenience in setting off to that party its pro rata share of the proceeds should fall upon him. It became his burden, as by evidence of the relative value of that portion of the property subject to the prior claim as compared with the value of the whole, to show what proportion of the fund should be applied to such prior claim. In default of his carrying this burden, judgment should have been rendered in favor of the holder of the prior claim for the full amount of the fund, not exceeding the amount of such claim.

The fact that an authorized representative of the Finance Company appeared at the sale after it had been commenced as a sale in bulk, and may then have made certain bids on the property with knowledge of the manner in which it was being sold, does not alter the case. In the absence of anything else done by this company, it had the right to assume that the sheriff, in selling the property in bulk, expected to carry the burden which would rest upon him as to the distribution of the fund, as a result of his choice to sell the property in such manner. From what has been said, the court erred in refusing the motion for a new trial. Even if, by bidding on the property or failing to object, the Finance Company could be said to have become a joint author of the coalition sale, this could have brought upon it nothing worse than the burden (if

that) of "unscrambling" the proceeds; and it actually carried this burden sufficiently to go to the jury.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*