AMERICAN SURETY CO. OF N. Y. *v.* PETTIE, administrator, *et al.; et vice versa.*

GUARANTY LIFE INSURANCE CO. *v.* PETTIE, administrator, *et al.*

BELL, J. 1. Where an administrator sells real estate under a valid order from the court of ordinary, the fact that he procures another to buy the property for himself as an individual does not render the sale absolutely

void, but the sale is merely voidable at the election of those interested in the estate as heirs or creditors; and in a suit upon the administrator's bond, for a failure to account for the proceeds, the surety can not defend upon the alleged ground that the sale was ineffectual to pass title, and for that reason did not constitute a breach of the bond. *Lowery* v. *Idleson*, 117 *Ga.* 778 (2) (45 S. E. 51); *Hamilton* v. *Cargile*, 127 *Ga.* 762 (2) (56 S. E. 1022); *Webb* v. *Deadwyler*, 142 *Ga.* 422 (2 *a*) (83 S. E. 99); *Gammage* v. *Perry*, 29 *Ga. App.* 427 (4-7) (116 S. E. 126).

2. While the rule is different as to a sale of property without an order from the court of ordinary, in that in the latter case the sale is void, so that no title passes and a failure to account will not amount to a breach of the bond (*Patterson* v. *Lemon*, 50 *Ga.* 231; *Horne* v. *Rodgers*, 113 *Ga.* 224 (3), 231, 38 S. E. 768; *Fussell* v. *Dennard*, 118 *Ga.* 270 (2), 45 S. E. 247; *Whitehurst* v. *Mason*, 140 *Ga.* 148, 151, 78 S. E. 938; *Ellis* v. *Geer*, 36 *Ga. App.* 519 (3 *b*), 137 S. E. 290), yet where an administrator sells as a unit and for a lump sum four parcels of land as to only two of which he has obtained an order from the court of ordinary, the administrator in thus causing a confusion of funds brings upon himself and his security the burden of showing, if they can, what proportions of the funds were derived from the sale of the other two parcels, in order to escape liability therefor; and upon a failure to carry such burden they should be held liable for the entire sum. Civil Code (1910), §§ 3592, 4587; *Hudson* v. *Hawkins*, 79 *Ga.* 274 (2) (4 S. E. 682); *Claflin* v. *Continental Jersey Works*, 85 *Ga.* 27 (4) (11 S. E. 721); *Kennesaw Guano Co.* v. *Wappoo Mills*, 119 *Ga.* 776 (2) (47 S. E. 205); *English* v. *English*, 149 *Ga.* 404 (3) (100 S. E. 362); *Finance Co.* v. *Lowry*, 36 *Ga. App.* 337 (136 S. E. 475).

3. Upon application of the foregoing rulings to the facts of this case, the verdict in favor of the plaintiff in the suit upon the administrator's bond was demanded by the pleadings and the evidence, and any errors in the charge of the court and in refusing written requests to charge were harmless to the surety company. The court did not err in overruling the motion for a new trial filed by that defendant.

*Judgment affirmed on the main bill of exceptions; cross-bills of exceptions dismissed. All the Justices concur, except Hill, J., absent for providential cause.*

Nos. 9488, 9489, 9540. DECEMBER 13, 1933.

*David C. Barrow,* for American Surety Co.
*Anderson, Cann & Cann,* for Guaranty Life Insurance Co.
*Bright, Theus & Brannen* and *Hester, Lewis & Clark,* contra.