MONTGOMERY v. WAYNE CIRCUIT JUDGE.

1. COSTS—PARTIES ENTITLED TO SECURITY FOR COSTS—DISTRIBUTION OF ESTATES—STATUTES.

Statute relative to furnishing security for costs by nonresident plaintiffs on motion of defendant *held*, inapplicable to proceeding in probate court for determination of heirs of foreign-born decedent who died in this State since such statute pertains to suits between litigating parties and persons claiming to be entitled to estates are not plaintiffs and an administratrix *de bonis non* is not a defendant (3 Comp. Laws 1929, § 14071).

2. EXECUTORS AND ADMINISTRATORS—PARTIES—SECURITY FOR COSTS.

An administratrix *de bonis non* is an officer of the probate court whose duty it is to distribute property of the estate to whomsoever shall be entitled thereto, but not such a defendant to proceeding for distribution as to entitle her to security for costs from nonresidents claiming to be rightful distributees (3 Comp. Laws 1929, § 14071).

3. SAME—NATURE OF PROCEEDING TO OBTAIN DISTRIBUTION.

The proceeding to obtain a decree of distribution of the property of an estate is not in the nature of a suit between party and party in which one seeks to recover a right withheld by the other but is analogous to a proceeding *in rem* in which a decision between the parties before the court settles the rights of all parties to the property in question.

Mandamus to require Allan Campbell, Wayne Circuit Judge, to set aside an order denying security for costs. Submitted April 19, 1938. (Calendar No. 39,982.) Writ denied June 6, 1938.

*Irving J. Palman* (*Samuel A. Kayne,* of counsel), for petitioner.

*Joseph P. Uvick* and *Paul Reynolds,* for respondent.

Potter, J.    Mandamus to require the respondent to order security for costs in the matter of the estate of Adam Jodys, deceased.

Adam Jodys died in Wayne county, Michigan. His estate was administered, final account allowed in 1934, and the estate made ready for distribution. Various persons, residents of Lithuania, claiming to be heirs, caused their appearance to be entered therein and depositions were taken to establish their interest in the estate. That case came to this court, *In re Jodys' Estate,* 282 Mich. 48. After the case was remanded to the circuit court, petitioner moved for security for costs. The trial court refused to order it. Application for mandamus was made, an order to show cause issued, return filed, and the cause placed at issue.

Petitioner relies upon 3 Comp. Laws 1929, § 14071 (Stat. Ann. § 27.738), which requires nonresident plaintiffs to file security for costs as a condition precedent to the prosecution of suit, providing motion therefor is made within the time specified by statute. This statute has no application to this case. It deals only with suits between litigating parties. The motion for security for costs must be made within 15 days after service of declaration or bill of complaint. In this case, there is no declaration or bill of complaint and no suit brought. The proceeding is a proceeding *in rem,* for the distribution of the estate to those claiming to be entitled lawfully thereto. Such persons are not plaintiffs and the petitioner is not a defendant. The petitioner is an officer of the probate court whose duty it is to distribute the property to whomsoever shall be en-

titled thereto; and, if the claimants are entitled to the estate, it is her duty to distribute it to them. *Allison* v. *Smith,* 16 Mich. 405; *People, ex rel. Frazer,* v. *Wayne Circuit Judge,* 39 Mich. 198; *Stevens* v. *Hope,* 52 Mich. 65; *In re Brown's Estate,* 198 Mich. 544; *In re Estate of Meredith,* 275 Mich. 278 (104 A. L. R. 348).

"The proceeding to obtain a decree of distribution is not in the nature of a suit between party and party in which one seeks to recover a right withheld by the other; but is analogous in its character to a proceeding *in rem,* in which a decision between the parties before the court settles the rights of all parties to the property in question." 24 C. J. p. 508.

The trial court was right in refusing to order security for costs. Mandamus denied, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.