# Richmond

MOZELLA E. COPE, ADM'X, ETC. V. L. M. B. SHEDD-CARTER, ETC.

April 8, 1940.

Record No. 2213.

Present, All the Justices.

The opinion states the case.

*R. A. Hutchison* and *John S. Barbour,* for the appellant.

*Moore & Williams, Albert F. Anderson* and *C. Fenton Conner,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The question decisive of this case is the legality of a judgment of the circuit court entered against appellant, administratrix c. t. a. of Thomas C. Baker, in a probate proceeding involving the settlement of the account of E. L. McFarland, trustee.

Thomas C. Baker conveyed, by deed dated March 30, 1923, to McFarland, trustee, a farm of 136 acres, for the benefit of his daughter, Laura M. B. Shedd (now Carter),

and her children. In the year 1925, the mansion house on this farm was destroyed by fire. McFarland, trustee, collected approximately $15,000 of insurance on the building, discharged a $7,000 deed of trust debt due them by Baker, and, as trustee for the benefit of appellees, invested the balance of the insurance money in residential property in Purcellville, Loudoun County, Virginia.

By deed dated September 30, 1927, McFarland, trustee, conveyed this property to H. T. Pancost, and apparently invested the proceeds upon the same trust terms in the purchase of an estate known as "Round Hill", from one Eberhart. In the meantime, Thomas C. Baker was married to appellant, and upon his death, which occurred in July, 1929, his widow (now Mrs. Cope), qualified as administratrix *cum testamento annexo*.

In a suit instituted by the Farmers and Merchants Bank against the administratrix of T. C. Baker and others, the court entered a final decree on August 23, 1935, "settling the accounts of Mozella E. Baker, administratrix * * and showing a complete administration of all the personal estate of T. C. Baker, and a balance of $6,517.47 in her hands", which by said decree was ordered distributed to the parties entitled thereto. In the settlement by the administratrix of the estate of Thomas C. Baker, there is no mention of the claim now asserted by appellees. Though various prior settlements of the accounts of McFarland, trustee, were made before the commissioner of accounts and confirmed by the court, it was not until October 10, 1929, that the claim herein involved was asserted by the filing of exceptions to the report of the commissioner, filed on September 13, 1929, showing a balance of $623.87 due the trustee.

The exceptions filed are as follows:

"L. M. B. Shedd, *Cestui que Trust*, excepts to the report of W. A. Metzger, Commissioner of Accounts, filed in the Clerk's Office September 13th, 1929, stating and settling the account of E. L. McFarland, Trustee in the Deed of T. C.

Baker, of Record in Liber 9 Q's 479, on the following grounds:

"1st. Because the account, as stated, fails to list as an asset of the Trust Estate, a certain note or bond of T. C. Baker, in the principal sum of $4,025. bearing date the . . . . day of . . . . . . . . . . . . . ., 1928, payable to the Trustee and omits to charge said fiduciary with such asset.

·"2nd. Exceptant is advised and charges that said Trustee has in his possession such a note or bond in which the said T. C. Baker, dec'd is obligor and that said obligation of said T. C. Baker, Dec'd, is a valid and separate asset, belonging to this Trust Estate, with which said asset said McFarland Trustee, is chargeable in said account and for which, as said fiduciary, he is bound to account to the Trust Estate in this Settlement—which exceptant now calls on him to do."

The court recommitted the report to the commissioner of accounts with direction to ascertain the existence of the note mentioned in the exceptions. The commissioner being of opinion that the enquiry was confined to questions arising under the deed of trust recorded in "9 Q's, p. 479", reported that E. L. McFarland, trustee, never had such a note in his possession under the provision of the deed recorded in "9 Q's folio p. 479".

To this report appellees filed numerous exceptions. As the contention of appellees is fully set forth in the following exceptions, we quote them in full:

"Exceptant here repeats the averments in her exceptions, filed to said original Report of Comm'r Metzger, filed as of Sep't 13, 1929, with emphasis, and here avers that she is advised and she here charges that sometime, during the year 1928, T. C. Baker did execute and deliver to said E. L. McFarland his (said Baker's) promissory note or bond—whether under seal or not under seal Exceptant is not definitely advised—whereby he (said Baker) promised and obligated himself to pay to said McFarland—whether in terms to him individually or as trustee or whether on demand or a certain time after date, or whether with interest

or without interest, again exceptant is not definitely advised—a large sum of money, to-wit: the sum of $4,025, or thereabout; that said Baker, maker or obligor in said written instrument, received for his said promise to pay said sum of money a consideration deemed valuable in law, moving from exceptant to him;

"And exceptant is further advised and further avers and charges that said instrument—promissory note or bond, signed by said T. C. Baker—was delivered to said McFarland, accompanied by a declaration of Trust, on part of said Baker, in favor of exceptant and her said children, and was impressed in the hands of said McFarland with a trust for the benefit of herself and children; that said McFarland acquired lawful possession of this trust subject by virtue of his fiduciary relations to exceptant and her said children in and about arranging for the purchase money of said residential property, located at Round Hill in said County, which was conveyed to him as Trustee by said Eberharts by their said Deed of record in Liber 10 A's folio 409, in said Clerk's Office as aforesaid; that said instrument— promissory note or bond—was never surrendered not cancelled by the said McFarland nor returned by him to said Baker, during his lifetime; that he, said McFarland either has or ought to have said instrument now in his possession; and that he is under a solemn obligation as a fiduciary to make a full and frank disclosure to this Court and to his *cestui que trustent* of all the information which he possesses, pertaining to the existence whereabouts, possession and disposition thereof which exceptant moves and prays the Court to require him forthwith to do without quibbling.

"But this exceptant submits that the questions as to whether said instrument was a promissory note or a bond, whether it was under seal or without seal, whether it was executed by said Baker for a valuable consideration or without consideration, whether it was in terms payable to said McFarland, or to him or his order, individually or as Trustee, whether it is a valid or invalid obligation or instrument, or whether it is a separate asset or a worthless one to said

several trust estates, created by any one or more, or which one, if any, are not now proper questions for determination in this forum; although this exceptant conceives that these several questions, touching said instrument may hereafter become and probably will become the proper subject for *authorative* adjudication and determination before a competent tribunal, to-wit, a Jury in a Court of Law."

While the record fails to show the order recommitting the report to the commissioner, it does appear that the matter was again referred to the commissioner to ascertain "whether or not E. L. McFarland as trustee or otherwise holds an obligation of T. C. Baker for $4,025, and whether or not same was infused with any trust in the hands of E. L. McFarland." The commissioner, after a protracted hearing, did ascertain and report that a note for $4,025 had been executed by T. C. Baker and that same had been delivered to McFarland on certain conditions which never materialzed, but that "the obligation for $4,025. of T. C. Baker held by E. L. McFarland did not create a trust in favor of L. M. B. Shedd-Carter and her children nor is it a valid obligation of T. C. Baker to E. L. McFarland."

Appellees filed sundry exceptions to this report. Without passing specifically upon the exceptions filed, the court, on April 28, 1939, entered this order which so far as is pertinent to the issue, reads as follows:

"Whereupon the Court being of opinion that the promissory note signed by T. C. Baker in the sum of Four Thousand and Twenty-five ($4,025.00) Dollars, dated February 21st, 1928, payable to the order of E. L. McFarland, individually, a copy of which was filed with the depositions aforesaid, was and is an asset of the trust estate, created by the said T. C. Baker for the use and benefit of his daughter, now Mrs. L. M. B. Carter, and her children, and a valid debt and obligation of the estate of said T. C. Baker, Doth Adjudge, Order and Decree that said debt constitutes a lien upon the estate of the said T. C. Baker, deceased, and judgment therefor in the sum of Four Thousand and Twenty-five ($4,025.00) Dollars, with interest thereon from the 21st

day of February, 1928, until paid, and the cost of this proceeding is hereby awarded against the estate of the said T. C. Baker, deceased, * * * ."

■ The effect of this order was to establish a parol trust in favor of appellees. It is this order, or decree, which is under attack by appellant, on the following grounds: "First, the court was without jurisdiction in this probate proceeding to establish a trust, by parol or otherwise, or to try any issue raised by Mrs. Shedd-Carter's exceptions; Second, it was without jurisdiction to enter the order complained of; and especially the money judgment for $4,025.00, interest, and the costs of this proceeding".

In its inception this was an *ex parte* proceeding to settle the accounts of E. L. McFarland, trustee, pursuant to the provisions of Chapter 221 of the Code. Section 5401 of the Code provides that: "The judge of each court having jurisdiction of the probate of wills and granting administrations on estates of decedents shall appoint a commissioner of accounts, who shall be removable at pleasure and who shall have a general supervision of all fiduciaries admitted to qualify in said court or before the clerk thereof and make all ex parte settlements of their accounts." It is to be observed that this section only confers upon a commissioner of accounts "general supervision of all fiduciaries admitted to qualify in said court or before the clerk thereof * * * ."

■ In this case the trustee did not qualify before the court; therefore, it follows that the commissioner of accounts did not have a general supervision over the trustee as set forth in section 5401. The jurisdiction conferred upon a commissioner of accounts under the provisions of Chapter 221 of the Code, to settle the account of the trustee, is found in the following sections of that chapter: Section 5404 provides that "when a sale is made under any deed of trust, otherwise than under a decree, there shall, within four months after the sale be returned by the trustee to the commissioner of accounts of the court wherein said deed may have been first recorded, an inventory of the property sold and an account of sale."

Section 5408 provides that: "A statement of all money which any personal representative, guardian, curator, or committee, or any trustee acting under a trust created since the first day of July, eighteen hundred and fifty, shall have received, or become chargeable with, or shall have disbursed, within one year from the date of the order conferring his authority, or from the date of such trust, as the case may be, or within any succeeding year, together with the vouchers for such disbursements, and a statement of cash on hand or in bank and all investments held at the terminal date of such account, shall, within six months after the end of every such year, be exhibited by him before the commissioner of accounts of the court wherein the order conferring his authority was made, or of the court wherein the instrument creating the trust was first recorded, as the case may be; * * * ."

Section 5423 provides that: "Every commissioner shall, on the first day of any circuit or corporation court of his county or corporation, or on the first Monday in any month, post at the front door of the courthouse of such circuit or corporation court a list of the fiduciaries whose accounts are before him for settlement, stating the names of such fiduciaries, the nature of their accounts, whether as personal representative, guardian, curator, committee, or trustee, and the name of their decedents, or of the persons for whom they are guardians, curators, or committees, or under whose deed or other instrument of trust they are acting."

However, strong reliance is placed upon section 5429 of Chapter 221 by appellees, to sustain the contention that appellant is bound by the judgment of the circuit court sitting as a court of probate under the terms of the statute.

Section 5429 reads:

"The report, to the extent to which it may be so confirmed, shall be taken to be correct, except so far as the same may, in a suit, in proper time, be surcharged or falsified; provided, however, that no person who shall have been a party to the exceptions filed to the report shall bring

a suit to surcharge or falsify said report, but in such case the action of the court on the report shall be final as to such party, but may be appealed from as in other suits in equity."

The contention is not well founded, for the reason that the section is not applicable to the settlement of a trustee's account.

In *Leavell* v. *Smith's Ex'rs*, 99 Va. 374, 38 S. E. 202, the court construed section 2699 (now section 5429), and in the syllabus this is said:

"The reports of accounts referred to in section 2699 of the Code, which are to be taken as correct until properly surcharged or falsified are 'fiduciary settlements' in the legitimate acceptation of that term—executorial and administration accounts and the like, such as the commissioner of accounts has the authority to deal with, affecting assets, the due administration of which devolves upon the fiduciary by virtue of his office, and which are covered by his oath and bond."

In *Nicholas* v. *Nicholas*, 169 Va. 399, 193 S. E. 689, it was decided by this court that a probate court has concurrent jurisdiction with a court of equity, under the provisions of Chapter 221 of the Code. In the opinion, this is said: "Unless it was the intention of the Legislature to confer upon probate courts, in the administration of a decedent's estate, concurrent jurisdiction with a court of equity, then the enactment of chapter 121 ([now] chapter 221) was a futile gesture."

The only question involved and the only question decided in that case was the question of the concurrent jurisdiction of a court of probate with a court of equity in the administration of a decedent's estate. No such question is involved in the instant case.

The answer of appellees to the contention of appellant, that the court was without jurisdiction to enter the order complained of, is set forth in their brief as follows:

"The Court by Section 5433, of the Code of Virginia of 1936, is given authority to order payment of what shall ap-

pear to be due and owing on an account before the Commissioner of Accounts provided such person would be entitled to recover the same by a suit in equity. We quote from this section:

"When a report of the accounts of any guardian, curator, committee, or trustee aforesaid, shall be confirmed, either in whole or in a qualified manner, the court, in the clerk's office in which said report is filed, may order payment of what shall appear due on such accounts to such person as would be entitled to recover the same by suit in equity."

While this latter view is contrary to the view expressed in appellees' exceptions, *supra*, it is unnecessary to enter upon a discussion of the relative merits of these inconsistent views, for the reason that under the facts of the case, the very terms of section 5433 are conclusively against the exercise of the power to enter the judgment under review. The only power the court has under this section to order "payment of what shall appear due" is when by the report it appears that "something" is due by the fiduciary and there is a confirmation of the report by the court.

Our conclusion is that the lower court was without jurisdiction to enter the order complained of and consequently the judgment entered against the estate of Thomas C. Baker is null and void.

The court expresses no opinion on the subject of the proper forum in which to litigate the respective rights of the parties as that subject is not now involved.

The order complained of must be reversed and the case remanded without prejudice to any rights appellees may have in this controversy.

*Reversed.*