## BELLE TAYLOR TIERNEY
### ˏvs.
## HOWARD S. TIERNEY

Superior Court         Fairfield County         File No. 66403

MEMORANDUM FILED JUNE 4, 1943.

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendant.

CORNELL, J.  From the stipulated facts, it appears that the defendant herein, who was appointed guardian on the estate of his daughter, Gene Tierney (now Cassini) by the Probate Court for the District of Westport, on June 5, 1939, filed a final account of his trust on July 3, 1942; that his ward was desirous of examining him concerning the same, but the defendant, fearing service of process in an action against him such as the instant one, refused to come within the State to attend any hearing for the purpose; that, however, he finally

agreed to appear at a law office in Bridgeport to submit to cross-examination touching the content of such account which on January 25, 1943, with the approval of the Judge of Probate for the District of Westport, he did; that on the conclusion of his testimony there and before reasonable opportunity was afforded him to leave this jurisdiction he was served with process in this, which is a civil action in which a declaratory judgment is sought by his wife concerning the validity of a decree of divorce from her granted him by a court in the State of Nevada in November, 1942; and that the defendant at the time service was so made upon him, resided and since December, 1941, had lived in New York and, in any event, had ceased to be a resident of Connecticut.

The plea in abatement and to the jurisdiction invokes a claimed privilege inhering in defendant under the circumstances detailed *ante,* of immunity from service of process in a civil action while in this State. The issue is formed by plaintiff's contention that such privilege is not available to a *plaintiff* in a civil cause who comes within this jurisdiction to testify in a proceeding instituted by him, but if it were, it would only be invocable by such a party testifying in court and does not, in any event, extend to a nonresident party plaintiff who comes within this State to make a deposition in his own behalf without the court. There is considerable difference of opinion in judicial thought concerning whether the privilege, where it is recognized, shall be extended to nonresident witnesses only or shall include the parties to a cause, also, and if the latter, then whether it shall comprehend parties *plaintiff* as well as parties defendant. While there are authorities to the contrary, the prevailing view, it would seem, is that whatever the rule in that respect may be in a particular jurisdiction, it embraces witnesses who testify by deposition as well as those who give their testimony during the course of a trial, hearing or other proceeding. 50 *C.J. Process* §240, p. 555. While there is no ruling in point in Connecticut, it would appear on principle, that the question whether the privilege is available in any given instance should not depend upon the manner of participation in a judicial proceeding, but upon the fact of such participation. A witness deposing outside of court whose testimony is thus made available to the tribunal trying a cause is of assistance to a proper disposition of the matter and no distinction in reason can be soundly made between him and another who testifies in the

presence of the presiding judge or other judicial officer. That premise adopted, the instant defendant's eligibility to claim the privilege depends, not upon where or how he testified, but upon the rule prevailing in this jurisdiction concerning his status in so doing.

With the exception of such states as have constitutional or statutory provisions on the subject, the question of whether and to what extent immunity is granted nonresidents coming within the jurisdiction to testify in one proceeding shall be exempt from service of civil process in another pending or initiated there, depends upon the conception of public policy which has been adopted in the particular forum. 42 *Am. Jur. Process* §135, p. 115. The decisions, colored by such considerations, are treated as arranging themselves, in a general way, in what are denominated the "majority" and "minority" rules. In those jurisdictions where the former prevails, all nonresident witness, inclusive of both plaintiff and defendant parties, attending judicial proceedings to give testimony, are privileged from service of process in another civil action, while testifying and for a reasonable time before and after doing so. 50 *C.J. Process*, §227, p. 548; id. §229(b), p. 549; 42 *Am. Jur. Process* §142, p. 123; id. §144, p. 125; 21 *R.C.L. Process*, §50, p. 1305; id. §53, p. 1308. In those states which adhere to what is referred to as the "minority rule" on the subject, the privilege is conferred on nonresident witnesses, only, and is denied to suitors. 50 *C.J. Process* §228, p. 549; 42 *Am. Jur. Process* §143, p. 124; 21 *R.C. L. Process* §51, p. 1307.

In Connecticut neither rule has been adopted. Here it would seem from the comments made in the opinion in *Ryan vs. Ebecke,* 102 Conn. 12, 20, 21, concerning the holding in *Wilson Sewing Machine Co. vs. Wilson,* 51 Conn. 595, that a nonresident defendant in a civil proceeding while attending court in this jurisdiction for the purpose of testifying therein is accorded the privilege of immunity from service of process in another civil action; but that this does not apply to a nonresident *plaintiff* coming into this state to testify in a civil cause instituted by him and pending here. *Bishop vs. Vose,* 27 Conn. 1, 11 *et seq.* Certain expressions which occur in *Ryan vs. Ebecke, supra,* may be read as indicative of a conviction that the distinction made in this jurisdiction between plaintiffs and defendants in respect of such privilege is an

unsubstantial one and that the majority rule mentioned *supra* is, at least, more consistent. Thus, this observation (p. 13): "There has been some variation between plaintiffs on one .hand and defendants and witnesses on the other, but in general it may be said that this protection has been extended to parties and witnesses." However this may be, the rule announced ·in *Bishop vs. Vose, supra,* has not been overruled and must, accordingly, be applied here. Whence it follows that whether defendant here was clothed with immunity from service of process herein depends upon whether he was deposing at the time as·a *plaintiff* in the proceeding in the Court of Probate, as counsel for both parties assume that he was.

The status denoted by the term "plaintiff" does not admit of rigid definition. It may be employed in statutes, for example, in varying senses, as illustrated in *Martin vs. City of Columbus,* 101 Ohio St. 1, 127 N.E. 411, where the party initiating condemnation proceedings was held not to be a plaintiff; and in *Montgomery vs. Wayne Circuit Judge,* 284 Mich. 430, 432, 279 N.W. 889, where it was determined that an heir asserting claims in a proceeding for the distribution of an estate in which he has an interest is not a plaintiff, within the meaning of a statute requiring a plaintiff in a civil action to furnish security for costs on motion of the defendant, the conclusion being based on the conception that such a proceeding is analogous to one *in rem.* In Connecticut, it is said that most of the decrees of probate courts "....partake largely of the character of decrees *in rem.*" 1 *Cleaveland, Hewitt & Clark, Probate Law and Practice of Connecticut,* (1926) §126, p. 128. It has been held, however, that this is not so as respects a decree accepting the amount of a fiduciary, ·which binds only those who are parties to the proceedings. *Parsons vs. Lyman,* 32 Conn. 566. A statement which, however, is subject to some qualification in view of the conclusion :reached in *Murdoch vs. Murdoch,* 81 Conn. 681.

The commonplace description of a plaintiff is of little aid here: "Whoever brings a suit, bill or· complaint, is a party :plaintiff." *Town of Canaan vs. Greenwoods Turnpike Co.,* 1 Conn. 1, 9. To same general effect:· *Martin vs. City of Columbus, supra,* 101 Ohio St., p. 5; *Accousi vs. Stowers Furniture Co.* (Tex. Civ. App.) 83 S.W. 1104, 1105; *Motley, Green & Co. vs. Detroit Steel & Spring Co.,* 161 Fed. 389, :393. Nor is the fact that the position of a plaintiff is or-

dinarily adverse to another, the defendant, of determinative influence, since there are proceedings wholly *ex parte* as, for example, an application for a change of name under the statute, and in Virginia it has been held that a final accounting by a guardian on an estate in a court of probate, is in its inception, at least, an *ex parte* proceeding. *Cope vs. Shedd-Carter,* 175 Va. 273, 280, 7 S.E. (2d) 891, 894. The significance in which the term "plaintiff" is to be understood in the relation with which concern is had here is in the person's connection as an initiator of a judicial proceeding, for it is by reason of the existence of a proceeding of that character, only, that immunity is conferred in any case; that is, as the invocator of the processes of the law to vindicate or establish a right or to seek the protection of the courts in pursuit of a remedy (*Railway Passenger & Freight Conductors' Mutual Aid & Benefit Assoc. vs. Robinson,* 147 Ill. 138, 35 N.E. 168); as the one who puts the machinery of the law in motion. *Stark vs. Fellman,* 174 La. 324, 330, 140 So. 491; *Latta vs. Wiley* (Tex. Civ. App.) 92 S.W. 433, 437; *Brickell vs. Shawn,* 175 Va. 373, 377, 9 S.E. (2d) 330, 331; *In re Nagao,* 4 Alaska 678, 681. Necessarily this conception of a plaintiff comprehends a person possessing volition and acting accordingly.

While it is undoubtedly true that a guardian in filing his final account looks to his discharge from further liability, and such is the consequence of the allowance of it when followed by a delivery of the estate then remaining to his ward, it is likewise so that the filing of such account is a duty imposed upon him by the fiduciary relationship which he sustains toward his ward, the interim performance of which the court' of probate is empowered to require by statute. Gen. Stat. (1930) §4973. The hearing required by statute (Gen. Stat. [1930] §4975) is without question a judicial proceeding, and to the extent that the ward may object to the allowance of any of the items contained in such final account, is, at least, subsistently adversial. The mere circumstance, however, that the interests of the guardian and his ward may thus be said to be opposed does not constitute them plaintiff and defendant, respectively. That condition exists in many legal relationships where the interests of the parties are not mutual. Nor is the question whether a probate *decree* allowing or disallowing an account definitive of the status of the fiduciary who files it as one *in rem* or *personam,* as that of a plaintiff or

otherwise. Until the court of probate has allowed or disallowed the account in whole or in part no possible wrong has been done either guardian or ward and even then, if either considers himself aggrieved no legal action necessarily results. Until either of them activates the machinery of the law in motion by appealing from the decree of the court of probate, he does not become a party litigant in respect of a judicial controversy and if such an event materializes that one of them who initiates the proceeding becomes the plaintiff and the other the defendant. *Railway Passenger and Freight Conductors' Mutual Aid & Benefit Assoc. vs. Robinson; Stark vs. Fellman; Latta vs. Wiley; Brickell vs. Shawn; In re Nagao,* all *supra.* This, notwithstanding that the burden of the propriety and correctness of such an account remains always on the guardian. *Ehrsam vs. Lee,* 101 Conn. 349, 355.

The stipulation here discloses only that the defendant here filed his final account as guardian on his daughter's estate and that at the time he was served with process in the instant action he was submitting to examination touching the content thereof by deposition with the approval of the judge of the court of probate having jurisdiction in substitution for his appearance before that tribunal. The taking of his deposition must, under the circumstances, be regarded as part of the proceeding before the court of probate and, consequently, judicial. It is thus clear that the proceeding had not reached a stage where, if the reasoning *supra* is sound it could attain the status of a controversial judicial cause in which the defendant here could have assumed the role of a plaintiff in the sense of the activation of the processes of the law to remedy any disregard of his rights.

The conclusion is, therefore, reached that at the time the defendant was served with process in the instant case he was not a plaintiff within the meaning of that term concerning the privilege of immunity to nonresident witnesses present in this jurisdiction from service of civil process in another proceeding. As he was testifying at the time merely as a witness (*Ryan vs. Ebecke, supra*), the privilege of immunity from such service was available to him and by the instant plea, he asserts it. Of course, the mere fact that he might have a financial interest in the outcome of the proceeding in the court of probate, did not deprive him of the benefit of such

privilege in deposing as a witness therein. *Chittenden vs. Carter,* 82 Conn. 585, 591.

The issues in the instant plea are found for the defendant who files it. Judgment abating the writ.