44569.   CAUDELL, Administrator v. SCOGGINS, Guardian.

Submitted July 8, 1969—Decided September 9, 1969.

*Kimzey & Kimzey, Herbert B. Kimzey,* for appellant.

*John A. Darsey,* for appellee.

DEEN, Judge. ■ It has frequently been stated that where an administration of an estate is conducted on the presumption of intestacy and a will is afterward discovered, letters of administration previously issued are void "except as to such portions of the estate as had been fully administered prior to the production and probate of the will." *Crow v. Whitfield,* 105 Ga. App. 436, 441 (124 SE2d 648); *Walden v. Mahnks,* 178 Ga. 825 (1) (174 SE 538, 95 ALR 1101); *Thomas v. Morrisett,* 76 Ga. 384. This does not mean that where no rights of third persons have intervened the mere fact that the administrator has parceled out the estate among the wrong heirs will inevitably close the door on future judicial action, as seen by *Kimsey v. Caudell,* supra, where the executor of the estate of Mattie Scoggins recovered the sum erroneously paid to the estate of M. O. Scoggins. However, there is no such question involved in this case under a proper construction of the testatrix' will as applied to the facts of this case. One half of her estate would have been properly delivered to the guardian of Ruby Scoggins if Mattie died intestate, and one half was directed to be delivered to her under the will. The will, however, limited the bequest, which was in fee simple under the intestacy distribution, to a defeasible fee, in that it first provided that all property was to be divided between Frances and Ruby, but this is followed by a clause which, expressly excluding her husband, directs that anything left at their death shall go "to my people."

In *Stahl v. Russell,* 206 Ga. 699 (58 SE2d 135) the testator left an undivided interest in property to his sister expressly stating that she might sell or other wise convey the property and dispose of the proceeds according to her own will, but "any residue of said property or the proceeds thereof that she may die possessed of" was to go to a named person. The court held that the words "clearly show [an] intention to vest in her a fee-simple estate with an executory limitation defeasible upon her dying either without having disposed of the property bequeathed

to her, or being in possession, at the time of her death, of any of the proceeds derived from a sale of the same," and that under these circumstances such remainder should be surrendered to the executor of the estate of the original testator for further disposition according to the terms of that will. It is therefore clear that the executor of the will of Mattie Scoggins is now entitled to receive from Paul Scoggins, guardian of Ruby Scoggins and administrator of her estate, anything remaining from the fund for further distribution under the terms of the will of Mattie Scoggins.

■ At this point, however, we come upon an evidentiary dilemma. At the time the defendant received the fund he had no knowledge of the existence of a will and no duty to trace the proceeds of this fund separately from other money turned over to him for the maintenance and care of the incompetent daughter, and of course he did not do so. His affidavit states: "Upon receipt of his ward's distributive share, deponent deposited and commingled said funds with other funds of his said ward when in his hands. In the period between the receipt of his ward's share of the Mattie Scoggins estate (January, 1958) and the filing of the complaint herein (April 27, 1964) deponent continued to receive on behalf of his ward moneys in substantial amounts from other sources, all of which were likewise commingled into a common fund in one bank account from which commingled fund expenditures were made during said period (approximately 6 years) for the maintenance and support of deponent's said ward in amounts substantially in excess of her distributive share aforesaid. While at the time of the filing of the suit herein deponent had on hand in said commingled fund a balance in excess of his ward's distributive share of the estate of Mattie Scoggins, in the circumstances of the running deposits thereto and expenditures therefrom it is impossible for deponent or anyone else to make any valid determination as to what portion, if any, of said distributive share remains in the hands of deponent."

Where goods are commingled without fraud or negligence, and thereafter neither the goods nor their value can be distinguished, the rule is that, under equitable principles in default of any

■

other method of ascertaining the aliquot parts, one is entitled to show on a proportionate basis the part which he claims bears to the whole, and to be awarded that part on a percentage basis. *Clafin v. Continental Jersey Works*, 85 Ga. 27, 47 (11 SE 721). This rule was applied in *Finance Co. of the South v. Lowry*, 36 Ga. App. 337 (1) (136 SE 475), where on a money rule against a sheriff it appeared that certain goods levied upon were sold in bulk, and thereafter one of the claimants to the proceeds of the sale proved to have a superior lien as to a part of the goods sold. In the absence of direct proof as to the amount brought in by the goods to which this superior lien attached, it was held that "the burden is on the sheriff, as by evidence of the relative value of the part of the property subject to the prior claim as compared with the value of the whole, to show what proportion of the fund should be applied to the prior claim, or else suffer judgment in the assignee's favor for the entire fund, less costs, not exceeding the amount due on that claim."

Following this precedent, the burden is on the defendant as the administrator of the estate of Ruby Scoggins, since he is unable to trace the fund received from the Mattie Scoggins estate, and this without any negligence on his part, to render an accounting of the amounts on hand, received, and spent for the support of the ward from the time of the receipt of the fund to the death of Ruby Scoggins, including payment of debts due by her estate. Out of what remains thereafter the administrator of the estate of Mattie Scoggins is entitled to whatever amount the portion of the fund left over, up to the amount of the bequest, bears to the total amount spent during this time. In other words, if the defendant received $2,000 from the estate of plaintiff's testatrix and $8,000 from other sources, the plaintiff may recover 20% of the amount remaining for further distribution under the will of Mattie Scoggins, but not, of course, exceeding $2,000.

Since the amount, if any, which is due the plaintiff cannot be determined without further proceedings, the trial court properly denied the plaintiff's motion for summary judgment but erroneously granted that of the defendant.

*Judgment reversed in part; affirmed in part. Bell, C. J., and Eberhardt, J., concur.*